Filed 3/17/15  P. v. Thiessen CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Butte)

----

| | |
|---|---|
| THE PEOPLE, | C076622 |
| Plaintiff and Respondent, | (Super. Ct. No. CM036805) |
| v. | |
| LAWRENCE PAUL THIESSEN, | |
| Defendant and Appellant. | |

Defendant Lawrence Paul Thiessen appeals the judgment imposed following his plea of no contest to committing battery with injury on a peace officer.  He contends the trial court erred in ordering him to pay probation investigation and report costs, as there was insufficient evidence he had the ability to pay those costs and the trial court did not comply with the statutorily mandated procedures of Penal Code section 1203.1b.[1]  We affirm the judgment.

---

[1]  Undesignated statutory references are to the Penal Code.

1

BACKGROUND[2]

In December 2013, defendant pleaded no contest to committing battery with injury on a peace officer. (§ 243, subd. (c)(1).) As part of defendant's probation report, defendant completed a "Statement of Assets" form in which he indicated he received $1,500 per month in retirement, had $4,000 in savings, owned three cars with a total value of $4,000, and owned a home. In his personal history, defendant indicated he had total debts of $1,500, a mortgage payment of $227, $600 in credit card debt, and average monthly living expenses of $300. Based on his investigation, the probation officer concluded defendant would have the ability to pay fines, fees, and restitution as ordered by the trial court. The probation officer recommended the trial court order defendant pay $736 for the presentence investigative report pursuant to section 1203.1b.

At the sentencing hearing, the trial court indicated it had read and considered the probation report and intended to follow the report's recommendations. The trial court then asked for comment from counsel. Defense counsel argued for probation, but did not mention the recommendation for an order to pay $736 in probation-related costs. The trial court granted defendant probation, and ordered him to serve 270 days in county jail. The trial court ordered defendant to pay various fines and fees and ordered him to pay $736 for the presentence investigation report pursuant to section 1203.1b. Defendant did not argue he did not have the ability to pay these costs, or otherwise object to the order.

DISCUSSION

Defendant's sole contention on appeal is that the trial court erred ordering him to pay probation-related costs, as the statutorily mandated procedures of section 1203.1b were not complied with and there was insufficient evidence he had the ability to pay those costs.

---

[2]     Because of the nature of the claim on appeal, a detailed recitation of the substantive facts underlying defendant's convictions is unnecessary.

2

While this appeal was pending, our Supreme Court issued its decisions in *People v. Trujillo* (2015) 60 Cal.4th 850, 860-861 and *People v. Aguilar* (2015) 60 Cal.4th 865, 867-868, holding that a defendant's failure to challenge the imposition of probation-related costs based on failing to follow the statutorily mandated procedures of section 1203.1b or a claim of insufficient evidence of defendant's ability to pay forfeits such a claim on appeal. Because those decisions resolve defendant's appellate challenge adversely to him and are binding on this court (*Auto Equity Sales, Inc. v. Superior Court* (1962) 57 Cal.2d 450, 455), we affirm.

DISPOSITION

The judgment is affirmed.


                                                             NICHOLSON     , J.


We concur:


     BLEASE          , Acting P. J.


     BUTZ            , J.