Filed 7/28/15  P. v. Johnson CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Butte)

----

| | |
|---|---|
| THE PEOPLE, | C077455 |
| Plaintiff and Respondent, | (Super. Ct. No. CM041178) |
| v. | |
| LARRY ANDREW JOHNSON, | |
| Defendant and Appellant. | |

Defendant Larry Andrew Johnson pled no contest to driving under the influence with a high blood-alcohol level and admitted serving a prior prison term.  The trial court sentenced him to an aggregate term of four years in state prison.  The court also awarded him 116 days of custody credit and imposed numerous fines and fees, including a $420 fee for the services of the public defender.  Defendant timely appealed.

1

Defendant now contends: (1) the trial court erred in failing to provide him with notice and a hearing on his ability to pay the attorney fees; (2) there is insufficient evidence in the record of his ability to pay; and (3) the record contains no information on the actual cost of his public defender. We agree and strike the order to pay attorney fees.

## DISCUSSION

We dispense with a recitation of the facts of this case, as they are not relevant to our determination of the issues on appeal. It suffices to say that the trial court ordered defendant to pay $420 in attorney fees at the time of sentencing, without discussion, and the fee was not listed in the probation report or otherwise specifically mentioned until imposed. No mention was made of defendant's ability to pay. The People do not dispute these facts. Defendant did not object at sentencing to the fee.

Penal Code section 987.8[1] permits a court to order a defendant to pay the cost of court-appointed counsel after a hearing to determine if defendant has the ability to pay. "In any case in which a defendant is provided legal assistance, either through the public defender or private counsel appointed by the court, upon conclusion of the criminal proceedings in the trial court, . . . the court may, after notice and a hearing, make a determination of the present ability of the defendant to pay all or a portion of the cost thereof." (*Id.,* subd. (b).) In determining this ability to pay, the court may consider both defendant's present financial position and the defendant's reasonably discernible future financial position, limited to six months in the future. (*Id*., subd. (g)(2)(B).) "Unless the court finds unusual circumstances, a defendant sentenced to state prison shall be determined not to have a reasonably discernible future financial ability to reimburse the costs of his or her defense." (*Ibid*.)

---

**1** Further undesignated statutory references are to the Penal Code.

The statute sets forth procedural requirements for the statutory imposition of attorney fees. The court is to make an ability-to-pay determination only after affording defendant notice and a hearing. (§ 987.8, subd. (b).) The court must make an express finding of unusual circumstances before ordering a state prisoner to reimburse his attorney. (*People v. Lopez* (2005) 129 Cal.App.4th 1508, 1537.)

The People argue that defendant has forfeited the claim of insufficient evidence of the ability to pay by failing to object in the trial court. Defendant contends no objection is required to preserve the issue for appeal, citing *People v. Viray* (2005) 134 Cal.App.4th 1186. In *Viray*, the appellate court held that a forfeiture to an appellate challenge to an attorney fee reimbursement order cannot "properly be predicated on the failure of a trial attorney to challenge an order concerning *his own fees*," given the "patent conflict of interest." (*Id*. at p. 1215.)

The People ignore *Viray*, although it forms the basis for defendant's argument in his opening brief, and instead cite *People v. Aguilar* (2015) 60 Cal.4th 862, in which our Supreme Court held the forfeiture rule applied where defendant failed to object to the amount of counsel fees or to assert the inability to pay in the trial court. However, in *Aguilar,* our Supreme Court noted the case did not present, "and we therefore do not address, the question whether a challenge to an order for payment of the cost of the services of appointed counsel is forfeited when the failure to raise the challenge at sentencing may be attributable to a conflict of interest on trial counsel's part." (*Id.* at p. 868, fn. 4.) Nor did the case concern the statutory presumption of section 987.8, subdivision (g)(2)(B) for defendants who are sentenced to prison.[2] Here defendant *does* raise the possibility that the failure to object was due to a conflict of interest.

---

[2] *People v. Trujillo* (2015) 60 Cal.4th 850, on which the People also rely, does not concern attorney fees and is not on point to the issues reached in this case. It merely reaffirms the general applicability of the forfeiture rule to sentencing.

We agree with *Viray* and reach the merits of defendant's claim.[3] We review for substantial evidence. (*People v. Viray, supra*, 134 Cal.App.4th at p. 1217.) Here, defendant was not given proper notice that his ability to pay attorney fees would be determined at sentencing. Although defendant was told *prior to the appointment of counsel* that he might be liable for attorney fees after judgment was rendered, this is not sufficient notice under section 987.8, subdivision (b). Nor did the probation report provide sufficient notice, making no mention of attorney fees.

Further, there was no evidence here that defendant had a present or future ability to reimburse the costs of his defense. As we have noted, there is a statutory presumption that because defendant was sentenced to prison, he had no future ability to pay absent unusual circumstances. The trial court failed to make that finding--or *any* finding regarding payment of attorney fees--thus the statutory presumption controls. Because defendant had no ability to pay, the reimbursement order must be stricken.

## DISPOSITION

The order to pay attorney fees is stricken. As modified, the judgment is affirmed. The trial court is directed to prepare an amended abstract of judgment and to send a certified copy to the Department of Corrections and Rehabilitation.

                                        DUARTE         , J.

We concur:


      RAYE           , P. J.


      MAURO         , J.

_____

[3] The People's briefing did not reach these issues, instead putting all their eggs in the forfeiture basket.

4