Filed 1/12/15 (this opn. follows companion case, S213687, also filed 1/12/15)

# IN THE SUPREME COURT OF CALIFORNIA

THE PEOPLE,

        Plaintiff and Respondent,

        v.

OCTAVIO AGUILAR,

        Defendant and Appellant.

S213571

Ct.App. 1/4 A135516

Contra Costa County
Super. Ct. No. 51202696

As in the companion case of *People v. Trujillo* (Jan. 12, 2015, S213687) ___ Cal.4th ___ (*Trujillo*), we consider whether the appellate forfeiture rule applies to challenges to fees imposed at sentencing, here, probation-related costs and an order for reimbursement of the fees paid to appointed trial counsel under sections 1203.1b and 987.8 of the Penal Code, respectively.[1] We hold that defendant's failure to challenge the fees in the trial court precludes him from doing so on appeal.

## FACTUAL AND PROCEDURAL BACKGROUND

A jury convicted defendant of one count of corporal injury on a spouse (§ 273.5, subd. (a)) and, in a bifurcated proceeding, the court found he had suffered a prior conviction of battery within seven years (§ 243; former § 273.5,

---

[1] Further statutory references are to the Penal Code unless otherwise specified.

subd. (e), now subd. (f)).  At the sentencing hearing, the court suspended imposition of sentence and placed defendant on formal probation for three years on various conditions.  Without objection, the court also imposed various fines and fees as recommended in the presentence investigation report, including a fee of $176 for the report; the cost, "not to exceed $75/month," of probation supervision (§ 1203.1b); and a "criminal [administration] assessment" fee (which is generally known, and hereafter referred to, as a booking fee; see, e.g., *People v. McCullough* (2013) 56 Cal.4th 589, 590), of $564 (see Gov. Code, §§ 29550, 29550.1).[2]  The court also ordered defendant to pay attorney fees in the amount of $500.  (§ 987.8, subd. (b).)  The court noted:  "Many of these fees are going to be based on his ability to pay.  When he contacts the probation office, he'll fill out fiscal financial assessment form [*sic*] and he can talk with the probation deputy about his ability to pay these various fees."  The record does not disclose whether defendant subsequently appeared before the probation officer to contest his ability to pay the fees.

On appeal, defendant contended the court imposed these fees without making a finding of his ability to pay (and, in the case of the booking fee, without evidence in the record of the actual costs of the governmental services to be reimbursed through such fees) as required by *People v. Pacheco* (2010) 187 Cal.App.4th 1392, 1400–1401, disapproved on other grounds in *People v. McCullough, supra,* 56 Cal.4th 589, and further disapproved in *Trujillo*, *supra*, __

---

[2]     The trial court separately imposed what it termed a "booking fee," and what the applicable statute denominates an "administrative screening fee," in the amount of $25.  (§ 1463.07 [requiring imposition of fee on all persons arrested and released on own recognizance upon conviction of criminal offense related to the arrest other than infraction].)  That fee is not at issue in this case and, as noted in the text, we use the term "booking fee" to describe the fee the trial court imposed pursuant to Government Code sections 29550 and 29550.1.

Cal.4th at page __ [p. 8, fn. 5]. Defendant also contended he was not advised of and did not waive his right to a court hearing on the probation supervision fee. The Court of Appeal rejected his contentions. We granted defendant's petition for review.

**ANALYSIS**

As noted, the trial court ordered defendant to pay probation costs under section 1203.1b, consisting of a fee of $176 for the presentence investigation report and an amount not to exceed $75 per month for supervision, and the sum of $500 for attorney fees under section 987.8, subdivision (b). Our opinion in *Trujillo*, *supra*, __ Cal.4th at pages ___ [pp. 3–4], quotes relevant portions of section 1203.1b, and we need not reiterate them here. Section 987.8, subdivision (b) provides: "In any case in which a defendant is provided legal assistance, either through the public defender or private counsel appointed by the court, upon conclusion of the criminal proceedings in the trial court, or upon the withdrawal of the public defender or appointed private counsel, the court may, after notice and a hearing, make a determination of the present ability of the defendant to pay all or a portion of the cost thereof. The court may, in its discretion, hold one such additional hearing within six months of the conclusion of the criminal proceedings. The court may, in its discretion, order the defendant to appear before a county officer designated by the court to make an inquiry into the ability of the defendant to pay all or a portion of the legal assistance provided." At such a hearing, the defendant is entitled to various rights, including the right to be heard in person (*id.*, subd. (e)(1)), to present witnesses and documentary evidence (*id.*, subd. (e)(2)), to confront and cross-examine adverse witnesses (*id.*, subd. (e)(3)), to disclosure of the evidence against him or her (*id.*, subd. (e)(4)), and to a written statement of the court's findings (*id.*, subd. (e)(5)).

3

Like the defendant in *Trujillo*, defendant here relies on the specification in sections 1203.1b and 987.8 of certain procedural requirements not contained in the booking fee statutes (Gov. Code, §§ 29550–29550.2) in an effort to distinguish our decision in *People v. McCullough*, *supra*, 56 Cal.4th 589, which held that challenges to the imposition of booking fees are forfeited unless made at sentencing. For the reasons discussed in our opinion in *Trujillo*, *supra*, __ Cal.4th at page ___ [pp. 8–11], the effort is unavailing. Likewise unavailing is defendant's citation to two Court of Appeal decisions invalidating attorney fee and probation cost orders for lack of notice and findings despite the lack of objection at trial. *People v. Poindexter* (1989) 210 Cal.App.3d 803, 810, is dissimilar in pertinent respects to this case. There, although the defendant received notice of an initial hearing at which the court found him unable to pay costs, he was not given notice of, or allowed to call witnesses on his behalf or confront adverse witnesses at, a second hearing at which the court reversed its finding. Here, in contrast, defendant neither sought to present, nor was precluded from presenting, evidence on his own behalf and the record contains no suggestion he ever accepted the trial court's invitation to address to the probation office any concerns about his ability to pay these costs. *People v. Heath* (1989) 207 Cal.App.3d 892, 902–903, in the published portion of the opinion contains no discussion of the forfeiture issue and thus has no precedential significance on the point.

Defendant here makes an additional argument why the appellate forfeiture rule should not bar his appeal. Asserting that the orders for probation costs and attorney fees are each enforceable as civil judgments by the terms of the relevant statutes, he contends that, just as civil judgments are deemed excepted to by law (and thus appealable without contemporaneous objection) under Code of Civil Procedure section 647, so too are the orders at issue here. Defendant reads too much into the statutory language. Penal Code section 1203.1b, subdivision (d)

4

provides that an order for probation costs may be executed on "in the same manner as a judgment in a civil action," and Penal Code section 987.8, subdivision (e) provides that an order to pay attorney fees "may be enforced in the manner provided for enforcement of money judgments generally but may not be enforced by contempt." That the Legislature has decreed the state shall *enforce* fee orders in the same manner as civil judgments does not remove a defendant's *challenge* to such orders from the criminal sentencing matrix in which it necessarily arises, and in which the *Welch/Scott* forfeiture rule governs.[3] Notably, in bringing his challenge to these fees, defendant availed himself of rights, such as the right to appointment of counsel, that are afforded only to criminal, not civil, appellants. We need not in this case enumerate all the possible ramifications of the circumstance that fee orders are enforceable in the same manner as civil judgments. Suffice it to say that defendant fails to persuade us that circumstance has any bearing on his appellate challenge to the fees at issue here.

Defendant also relies on *People v. Butler* (2003) 31 Cal.4th 1119 (*Butler*), but that case is distinguishable. *Butler* permitted the appeal, even without a contemporaneous objection, of an order for involuntary HIV testing of a defendant convicted of a sex offense enumerated in section 1202.1, on the ground the record contained insufficient evidence to establish probable cause to believe the defendant transferred a bodily fluid capable of transmitting HIV to the victim. (*Butler, supra,* at pp. 1126–1128.) *Butler* did not articulate a general rule that would displace *Scott*'s forfeiture principle, and its reasoning is, on its face, limited to section 1202.1 and controlled by the statutory restrictions on involuntary HIV testing. (*Butler, supra,* at p. 1128, fn. 5.)

---

[3] *People v. Welch* (1993) 5 Cal.4th 228, 230; *People v. Scott* (1994) 9 Cal.4th 331, 354.

5

To apply the forfeiture rule in the present case is especially appropriate because, under the procedures contemplated by sections 987.8 and 1203.1b, defendant had two opportunities to object to the fees the court imposed, and availed himself of neither. Defendant, of course, could have objected when the court, at sentencing, announced the fees it was imposing, which largely tracked those recommended in the presentence investigation report. Furthermore, the court advised defendant he would have the opportunity to assert inability to pay in subsequent proceedings before the probation officer: "Many of these fees are going to be based on his ability to pay. When he contacts the probation office, he'll fill out fiscal financial assessment form [*sic*] and he can talk with the probation deputy about his ability to pay these various fees." The record contains no hint that defendant presented any financial justification for a fee reduction to the probation officer and we see no basis to grant him a third such opportunity by exempting him from the appellate forfeiture rule. Moreover, although the presentence investigation report indicates defendant claimed to possess no significant assets (or debts) and his residence was held in the victim's name, at sentencing he emphasized his uninterrupted employment history, a stance seemingly at odds with an appellate claim of inability to pay the fees.[4]

As recognized in our opinion in *Trujillo*, a defendant who fails to object in the trial court to an order to pay probation costs or attorney fees is not wholly without recourse. "[T]he court may hold additional hearings during the probationary or conditional sentence period to review the defendant's financial

---

[4] This case does not present, and we therefore do not address, the question whether a challenge to an order for payment of the cost of the services of appointed counsel is forfeited when the failure to raise the challenge at sentencing may be attributable to a conflict of interest on trial counsel's part. (See, e.g., *People v. Viray* (2005) 134 Cal.App.4th 1186, 1216–1217.)

ability to pay [probation costs in] the amount, and in the manner, as set by the probation officer, . . . or as set by the court pursuant to" section 1203.1b. (§ 1203.16, subd. (c).) Likewise, "[a]t any time during the pendency of the judgment [ordering payment of attorney fees], a defendant against whom a judgment has been rendered may petition the rendering court to modify or vacate its previous judgment on the grounds of a change in circumstances with regard to the defendant's ability to pay the judgment." (§ 987.8, subd. (h).) "Although the sentencing hearing is, in general, the proper time for a defendant to assert all available procedural and factual contentions relating to the trial court's sentencing choices, in an appropriate case a defendant's discovery of trial counsel's failure to properly advise the defendant, before the sentencing hearing, of the requirement of a waiver of a court hearing on ability to pay probation costs may constitute a change of circumstances supporting a postsentencing request for such a hearing." (*Trujillo*, *supra*, __ Cal.4th at p. ___ [p. 12].)

Finally, although he neither objected on this basis in the trial court nor included the issue in his petition for review, defendant contends the order imposing probation costs and booking and attorney fees violates due process because the record contains neither evidence nor trial court findings as to the actual costs involved. He observes that Penal Code section 1203.1b, subdivision (a) refers to an order for the "reasonable cost" of the presentence investigation report and supervision; Government Code section 29550, subdivision (c) limits booking fees to "actual administrative costs" incurred for booking and processing arrested persons (see also *id.*, subd. (e) [defining " 'actual administrative costs' "]); and Penal Code section 987.8, subdivision (d)(1) provides for notice to the defendant against whom attorney fees are sought of "[a] statement of the cost of the legal assistance provided to the defendant as determined by the court." Defendant contends that because our *McCullough* decision was based on the

7

assumption the booking fee was not a punishment but merely a recoupment of expenses incurred in the proceedings (*People v. McCullough*, *supra*, 56 Cal.4th at p. 598, citing *People v. Alford* (2007) 42 Cal.4th 749, 756–759), a fee may become a punitive fine without evidence of actual costs involved.  In other words, in the absence of evidence showing the fees imposed represented actual costs, he argues, the court lacked authority to order their payment and, as in *Butler*, *supra*, 31 Cal.4th 1119, its assertedly unauthorized action may be challenged on appeal even absent an objection below.  (See also *Southern Union  Co. v. United States* (2012) 567 U.S. ___ [183 L.Ed.2d 318, 132 S.Ct. 2344] [fines constitute punishment to which rule of *Apprendi v. New Jersey* (2000) 530 U.S. 466 applies].)

Defendant's contention lacks merit.  As the Attorney General reasons, with respect to the booking fee, the trial court correctly relied on the fee schedule set by the county board of supervisors based on actual cost data submitted by the county sheriff.  With respect to the probation-related costs, subdivision (a) of section 1203.1b requires the probation department of each county to develop a payment schedule for the reimbursement of the costs of presentence investigations, which is to be approved by the presiding judge of the superior court, and subdivision (h) authorizes the board of supervisors of a county to establish by resolution a monthly fee for payment of probation supervision fees.  Reading the statutory subdivisions together, we find it apparent that the payment schedule must be based on the actual average costs of such investigations and supervision.  (See *People v. Wilson* (1982) 130 Cal.App.3d 264, 268.)  Nothing before us suggests the trial court did not properly rely on the county's fee schedule.  Finally, with respect to the attorney fee order, the court, having presided over the four-day jury trial in this case, was in a position to make, and did make, an implied finding that counsel rendered legal services costing at least equal the amount of fees imposed.

8

## DISPOSITION

The judgment of the Court of Appeal is affirmed.

**WERDEGAR, J.**

**WE CONCUR:**

**CANTIL-SAKAUYE, C. J.**
**CHIN, J.**
**CORRIGAN, J.**
**LIU, J.**
**BAXTER, J.**<sup>*</sup>
**FRANSON, J.**<sup>**</sup>

---

\* Retired Associate Justice of the Supreme Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

\*\* Associate Justice of the Court of Appeal, Fifth Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

*See next page for addresses and telephone numbers for counsel who argued in Supreme Court.*

**Name of Opinion** People v. Aguilar

_____

**Unpublished Opinion**
**Original Appeal**
**Original Proceeding**
**Review Granted** XXX 219 CAl.App.4th 1094
**Rehearing Granted**


_____

**Opinion No.** S213571
**Date Filed:** January 12, 2015

_____

**Court:** Superior
**County:** Contra Costa
**Judge:** Thomas M. Maddock


_____

**Counsel:**

Kieran D. C. Manjarrez, under appointment by the Supreme Court, for Defendant and Appellant.

Kamala D. Harris, Attorneys General, Dane R. Gillette, Chief Assistant Attorney General, Gerald A. Engler, Assistant Attorney General, Laurence K. Sullivan and Catherine A. Rivlin, Deputy Attorneys General, for Plaintiff and Respondent.

**Counsel who argued in Supreme Court (not intended for publication with opinion):**

Kieran D. C. Manjarrez
1535  Farmers Lane 133
Santa Rosa, CA  95405
(415) 520-0440

Catherine A. Rivlin
Deputy Attorney General
455 Golden Gate Avenue, Suite 11000
San Francisco, CA  94102-7004
(415) 703-5977