Filed 3/12/15  P. v. Wilson CA1/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>JACKIE WILSON,<br><br>    Defendant and Appellant. | A140837<br><br>(Alameda County<br>Super. Ct. No. 171987) |

Defendant Jackie Wilson appeals from a judgment following a plea of no contest to two counts of lewd acts on a child under the age of 14 (Pen. Code, § 288, subd. (a)),[1] one count of battery with infliction of serious bodily injury (§ 243), and one count of possession of a controlled substance (Health & Safety Code, § 11350).  He raises a single issue on appeal—whether the trial court erred in ordering him to pay the cost of the probation report ($710) pursuant to Penal Code section 1203.1b, without making a finding that he had the ability to pay it.[2]

The Attorney General contends defendant waived this issue because he failed to raise any objection in the trial court to the imposition of the fee.

At the time defendant appealed, whether failure to object constituted a waiver of section 1203.1b's ability-to-pay requirement was before the Supreme Court.  Defendant therefore argued there could be no waiver in light of section 1203.1b's procedural

---

[1]  All other statutory references are to the Penal Code unless otherwise indicated.

[2]  We conclude this matter is proper for disposition by memorandum opinion in accordance with California Rules of Court standard 8.1.

1

requirements and its requirement that any waiver of the right to have the trial court make the ability-to-pay determination be knowingly and intelligently made.

On January 12, 2015, the Supreme Court issued its opinions in *People v. Trujillo* (2015) 60 Cal.4th 850, and *People v. Aguilar* (2015) 60 Cal.4th 862, agreeing with the Attorney General's position and holding failure to object in the trial court at the time of sentencing forfeits the right to complain about the imposition of a probation fee under section 1203.1b on appeal. We are, of course, bound by these decisions, and they are dispositive of Wilson's appeal. We further observe defendant refused to cooperate with the Probation Department in the preparation of the presentencing report. Thus, the paucity of financial information in the record is due to his own dereliction.

## DISPOSITION

The judgment is affirmed.

_____

Banke, J.

We concur:

_____

Humes, P. J.

_____

Dondero, J.