Filed 4/29/15  P. v. Phillips CA1/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>SASHA MARIE PHILLIPS,<br><br>        Defendant and Appellant. | A139804<br><br>(Del Norte County<br>Super. Ct. No. CRF13-9502) |

Appellant Sasha Marie Phillips was convicted, pursuant to a plea agreement, of possession of a controlled substance.  On appeal, she contends (1) the trial court's imposition of $75 in fees to be paid to appointed trial counsel, pursuant to Penal Code section 987.8,[1] must be vacated because there was insufficient evidence she had the ability to pay and because the trial court failed to provide notice and a hearing on the issue of her ability to pay; (2) two fees imposed by the trial court, but which were not orally ordered, must be vacated; and (3) the $500 fine imposed by the trial court pursuant to the Proposition 36 Terms and Conditions must be vacated because it is unclear from the record whether the court intended to order a $400 or $500 fine and whether this fine was separate from the total of all other fines and fees, and because it is unclear what the statutory authority is for the fine.  For the reasons discussed herein, we shall reverse the court's imposition of attorney fees and remand this matter to the trial court for a determination of appellant's ability to pay the fees to appointed counsel and to clarify the nature and amount of the other fines and fees that were imposed.

_____

[1] All further statutory references are to the Penal Code unless otherwise indicated.

## PROCEDURAL BACKGROUND

On June 13, 2013, appellant was charged by complaint with one count of possession of a controlled substance, to wit methadone and morphine (Health & Saf. Code, § 11350). On July 31, 2013, she pleaded guilty to that charge.[2]

On September 12, 2013, the trial court suspended imposition of sentence and placed appellant on probation pursuant to Proposition 36. (§ 1210.1.)[3]

On September 17, 2013, appellant filed a notice of appeal.

## FACTUAL BACKGROUND[4]

On May 28, 2013, Del Norte County sheriff's deputies conducted a check of a residence and, after noticing a door had been forced open, decided to enter the residence. Appellant and another individual were inside. Appellant attempted to reach for a backpack and one of the deputies instructed her not to touch it. Inside the backpack, in plain sight, the deputy noticed a syringe filled with a red fluid, and also noticed several pill bottles without labels and a large metal spoon with white residue and cotton attached to it.

After a deputy read appellant her *Miranda*[5] rights, appellant said that the liquid in the syringe and residue on the spoon were morphine. She also said that the syringe was not hers and that she had a prescription for the pills. She was unable, however, to provide a prescription for the pills, which were later identified as Methadone Hydrochloride, Morphine Sulfate, and Baclofen.

---

[2] Appellant also pleaded guilty to separate counts of misdemeanor trespass (§ 602) in case No. CRM 13-9503 and petty theft (§§ 484/488) in case No. CRM 13-9427.

[3] The court ordered two consecutive 180-day jail terms in the two other cases.

[4] These facts are taken from the probation report.

[5] *Miranda v. Arizona* (1966) 384 U.S. 436.

## DISCUSSION

### *The Propriety of the Trial Court's Imposition of Various Fines and Fees at Sentencing*
### I. *Trial Court Background*

The probation report contained recommendations regarding the imposition of various fees and fines, as part of appellant's Proposition 36 probation, amounting to a total of $800. The recommendations did not include any mention of attorney fees.

At the sentencing hearing, when the trial court asked if defense counsel agreed that the requested assessments should include a $400 presentence investigation report, counsel responded, "I don't think she's going to have the capability, so you're setting her up for horrible failure. She's going to be incarcerated for a year. She's been homeless for the past year. I don't think it's possible." The court "specifically" found that appellant had no ability to pay for the presentence investigation report. After subtracting the $400 for the presentence investigation report, the court told appellant, "You are going to be ordered to pay a fine in the amount of $400." The court then set a payment schedule for the remaining fines of $50 a month. It also asked appellant whether she would have a job after she was out of custody, to which she responded that she could "try and look for one."

The court ordered, inter alia, that "[t]he amount of the fine that you're ordered to pay is $500. [¶] In addition, there is a $280 probation revocation fund fine that's stayed, and you're ordered to pay the $21 probation supervision fee." The court ordered the first payment due in May 2014, after appellant's release from custody.

The court then asked defense counsel, "What's your time [on] this case?" Counsel responded, "I have seven hours, your Honor," and the court ordered appellant to "pay the sum of $75." The court ordered the first payment due in May 2014, after her release from custody, and thereafter signed a "Judgment for Attorney Fees" that stated: "The court finds that the above-named defendant has the present ability to pay the County of

3

Del Norte in the defense of this matter, and is hereby ordered to pay . . . the reasonable amount of $75."[6]

A form that listed the terms and conditions of appellant's Proposition 36 probation provided that the total amount of assessments, fines, and fees owed was $500. This included a $50 criminal lab fee (Health & Saf. Code, § 11372.5), a $40 security surcharge (§ 1465.8), a $30 conviction assessment (Gov. Code, § 70373), a $280 restitution fund fine (§ 1202.4, subd. (b)(1)), a $50 criminal lab fund fine (Health & Saf. Code, § 11372.7, subd. (a)),[7] a $50 AIDS education fund fine (§ 1463.23), a $21 probation supervision fee (Co. Ordinance 86-12), and two stayed fines of $280 each, for the parole revocation restitution fund (§ 1202.45, subd. (a), (b)), and the probation revocation fund (§ 1202.44). Appellant signed the form, dated September 12, 2014, under the notation, "I understand the terms of my probation and accept probation on these terms."

## II. *Legal Analysis*

### A. *Attorney Fees*

Appellant contends the trial court's imposition of $75 in fees to be paid to appointed trial counsel under section 987.8 must be vacated because there was insufficient evidence she had the ability to pay and because the trial court failed to provide notice and a hearing on the issue of her ability to pay.

Section 987.8, subdivision (b), provides: "In any case in which a defendant is provided legal assistance, either through the public defender or private counsel appointed by the court, upon conclusion of the criminal proceedings in the trial court, or upon the withdrawal of the public defender or appointed private counsel, the court may, after notice and a hearing, make a determination of the present ability of the defendant to pay all or a portion of the cost thereof. The court may, in its discretion, hold one such

---

[6] The court also ordered appellant to pay $75 in attorney fees in the other two pending cases.

[7] Although this fee is listed as a "Criminal Lab Fund" fine on the form for Proposition 36 terms and conditions, Health and Safety Code section 11372.7, subdivision (a) describes payment of a "drug program fee."

4

additional hearing within six months of the conclusion of the criminal proceedings. The court may, in its discretion, order the defendant to appear before a county officer designated by the court to make an inquiry into the ability of the defendant to pay all or a portion of the legal assistance provided." "At such a hearing, the defendant is entitled to various rights, including the right to be heard in person (*id.*, subd. (e)(1)), to present witnesses and documentary evidence (*id.*, subd. (e)(2)), to confront and cross-examine adverse witnesses (*id.*, subd. (e)(3)), to disclosure of the evidence against him or her (*id.*, subd. (e)(4)), and to have a written statement of the court's findings (*id.*, subd. (e)(5))." (*People v. Aguilar* (2015) 60 Cal.4th 862, 866, citing § 987.8 (*Aguilar*).)

As a preliminary matter, respondent argues that appellant has forfeited this issue due to her failure to object to imposition of attorney fees in the trial court. Recently, in *Aguilar*, *supra*, 60 Cal.4th 862, 864, the California Supreme Court held that the defendant's failure to challenge the imposition of certain fees in the trial court, including attorney fees paid pursuant to section 987.8, precluded him from doing so on appeal.

Our Supreme Court explained that application of the forfeiture rule was especially appropriate in that case because the "defendant had two opportunities to object to the fees the court imposed, and availed himself of neither. Defendant, of course, could have objected when the court, at sentencing, announced the fees it was imposing, which largely tracked those recommended in the presentence investigation report. Furthermore, the court advised defendant he would have the opportunity to assert inability to pay in subsequent proceedings before the probation officer. . . . The record contains no hint that defendant presented any financial justification for a fee reduction to the probation officer and we see no basis to grant him a third such opportunity by exempting him from the appellate forfeiture rule. Moreover, although the presentence investigation report indicates defendant claimed to possess no significant assets (or debts) and his residence was held in the victim's name, at sentencing he emphasized his uninterrupted employment history, a stance seemingly at odds with an appellate claim of inability to pay the fees." (*Aguilar*, *supra*, 60 Cal.4th at pp. 867-868, fn. omitted.)

5

Our Supreme Court also pointed out in *Aguilar* that the case before it did "not present, and we therefore do not address, the question whether a challenge to an order for payment of the cost of the services of appointed counsel is forfeited when the failure to raise the challenge at sentencing may be attributable to a conflict of interest on trial counsel's part. (See, e.g., *People v. Viray* (2005) 134 Cal.App.4th 1186, 1216-1217 [(*Viray* )].)" (*Aguilar*, *supra*, 60 Cal.4th at p. 868, fn. 4.) The appellate court in *Viray* had described the potential for an appointed attorney's conflict of interest as follows: "We do not believe that an appellate forfeiture can properly be predicated on the failure of a trial attorney to challenge an order concerning *his own fees*. . . . Counsel can hardly be relied upon to contest an order when a successful contest will directly harm the interests of the person or entity who hired him and to whom he presumptively looks for future employment." (*Viray*, at pp. 1215-1216.)

The present case is distinguishable from *Aguilar* in several ways. First, the presentence report did *not* contain a recommendation that the court award fees to defense counsel. Nor did the trial court advise appellant at the sentencing hearing that she would have the opportunity to contest her ability to pay the attorney fees in any subsequent proceeding before her probation officer. (Compare *Aguilar*, *supra*, 60 Cal.4th at pp. 867-868.) Second, there is no evidence in the record that appellant had the ability to pay the fees award. (Compare *id*. at p. 868.) Instead, the only evidence on this question was counsel's statement, and the trial court's finding, that appellant had no ability to pay the $400 presentence investigation report, and that appellant—who was homeless and apparently addicted to drugs—was about to serve a one-year sentence in jail and had no job lined up for after she was released. This evidence, while perhaps incomplete, at least suggested an *inability* to pay the fees. Third, again unlike in *Aguilar*, appellant, in her briefing, has alluded to a possible conflict of interest on the part of her court-appointed attorney by citing to the *Viray* court's conflict of interest discussion. (See *Viray*, *supra*, 134 Cal.App.4th at pp. 1215-1217 compare *Aguilar*, at p. 868, fn. 4.)

For all of these reasons, we find that the attorney fees award in this case must be reversed and the matter remanded to the trial court for a determination of appellant's

ability to pay the fees, in accordance with the notice and hearing requirements set forth in section 987.8. (See, e.g., *People v. Corrales* (2013) 213 Cal.App.4th 696, 702.)[8]

## B. *Other Fines and Fees*

Appellant further contends that two fees imposed by the trial court (the $50 criminal lab fund fine and the $50 AIDS education fund fine), but not orally ordered, must be vacated, and that the $500 fine the trial court imposed pursuant to the Proposition 36 Terms and Conditions must be vacated because it is unclear from the record whether the court intended to order a $400 or $500 fine and whether this fine was separate from the total of all other fines and fees, and because it is unclear what the statutory authority is for the fine. We are not convinced that the court's actions are as unclear as appellant avers. Nevertheless, because this matter will be remanded to the trial court in any event, as discussed in part II.A., *ante*, of this opinion, upon remand, the court is directed to resolve any possible ambiguity or confusion by orally ordering the fines and fees to be imposed, as well as clarifying the total amount of fines and fees ordered and the statutory basis for all fines.[9]

## DISPOSITION

The imposition of attorney fees pursuant to section 987.8 is reversed. The case is remanded to the trial court for a determination of appellant's ability to pay those fees, and

---

[8] Appellant asserts that we should simply vacate the attorney fees award because the record reflects a clear inability to pay. However, in light of the relatively modest amount of the fees imposed, we believe it is reasonable to leave it to the trial court to examine and determine this question on more complete information.

[9] Although not raised by appellant, we observe that two of the fines imposed include a requirement that the court find an ability to pay. (See § 1202.4, subd. (c) ["Inability to pay may be considered only in increasing the amount of the restitution fine in excess of the minimum fine pursuant to paragraph (1) of subdivision (b)," which provides that the minimum fine for a defendant convicted of a misdemeanor after January 1, 2013, is $150]; Health & Saf. Code, § 11372.7 ["[t]he court shall determine whether or not the person who is convicted of a violation of this chapter has the ability to pay a drug program fee"].) Upon remand, the trial court will have the opportunity to consider appellant's ability to pay these two fines.

7

to clarify the nature and amount of the other fines and fees imposed consistent with the views expressed in this opinion.  In all other respects, the judgment is affirmed.

_____

Kline, P.J.


We concur:


_____

Stewart, J.


_____

Miller, J.