Filed 10/23/15  P. v. Rosalez CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E062031 |
| v. | (Super.Ct.No. SWF1300007) |
| JOE ANGEL ROSALEZ, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  Timothy F. Freer, Judge.  Affirmed.

Jeanine G. Strong, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Charles C. Ragland and Kimberley A. Donohue, Deputy Attorneys General, for Plaintiff and Respondent.

Defendant is on probation after a jury found him guilty of charges resulting from defendant intentionally driving his vehicle into the vehicle driven by the mother of his

1

children.  Because the trial court determined that defendant did not have the ability to pay $4,557.44 in pre-sentence incarceration costs, defendant contends the trial court should have stricken, or in fact intended to strike, the remainder of the discretionary fees and costs.  As discussed below, we affirm the judgment.

## FACTS AND PROCEDURE

Defendant was in a dispute with a woman from a previous relationship over custody of their two children, then ages five and two.  On November 8, 2012, defendant confronted the woman and two friends in the parking lot of a community college.  Defendant blocked in the woman's vehicle with his vehicle and began to yell.  Defendant asked the woman to take a ride with him so they could talk.  The woman asked her two friends to take her vehicle to her mother's work a few blocks away.  Defendant pushed the woman into his vehicle and she told him to drive toward her mother's work.  Because defendant was becoming more angry, the woman attempted to exit the vehicle at a red light.  However, defendant twisted her wrist and kept her in the vehicle.  Defendant eventually drove the woman to her mother's work so she could retrieve her vehicle.  When the woman drove off, defendant followed her to a fast food restaurant, where he banged on her windows and jumped on the hood of her vehicle.  The woman called 9-1-1 and drove away.  Defendant followed her and then drove his vehicle into the back of her vehicle before driving away himself.  The woman received lacerations to her face when she impacted the steering wheel.  Defendant caused $5,800 in damages to the woman's vehicle.  Defendant testified that he was in Los Angeles the day of the incident and that the woman and other witnesses were lying.

2

On April 5, 2013, the People filed an information charging defendant in count 1 with inflicting corporal injury on a cohabitant (Pen. Code, § 273.5, subd. (a))[1], in count two with assault with a deadly weapon, a car (§ 245, subd. (a)(1)), in count three with vandalism (§ 594, subd. (b)(1)) and in count 4 with leaving the scene of an accident (Veh. Code, § 20001, subd. (a)).

On August 22, 2014, a jury found defendant guilty on counts 1, 2 and 3, and guilty of the lesser included misdemeanor, leaving the scene of an accident involving property damage (Veh. Code, § 20002, subd. (a)) on count 4.

On September 22, 2014, the trial court sentenced defendant to three years in prison, but suspended the sentence and placed defendant on probation for three years. One term of probation was that he serve 365 days of local custody with credit for 32 actual days and 32 conduct days. The portion of the sentencing hearing that addressed defendant's ability to pay fees and costs is set forth verbatim:

"[THE COURT]:  You have got those – and you have got pre-sentence incarceration costs.  [¶]  Mr. Maineri?

[DEFENSE COUNSEL]:  Your Honor, I would ask the Court to make a motion to continue to find that he does not have the ability to pay due to the incarceration and the unemployment prior to the trial.

[THE COURT]:  All right.  People, any comment?

[THE PEOPLE]:  Submit.

---

[1]  All section references are to the Penal Code unless otherwise indicated.

[THE COURT]: All right. I'll go ahead and strike the – the – I'll put a line through it and put my initials over it.

[DEFENSE COUNSEL]: Sorry, Your Honor? Which – which number?

[THE COURT]: It's on page 20, the pre-sentence incarceration costs.

[DEFENSE COUNSEL]: Thank you.

[THE COURT]: Do you have any questions about your terms and conditions of probation?

[THE DEFENDANT]: No, your Honor.

[THE COURT]: All right."

The court also drew a line through the Probation Department recommendation that defendant pay costs of the presentence probation report in an amount not to exceed $1,095.

This appeal followed.

## DISCUSSION

As set forth in the minute order, the trial court also imposed the following three fines and fees: the costs of probation supervision between $591.12 and $3,744 (§ 1203.1b, subd. (a)); a booking fee of $428.21 (Gov. Code, § 29550); and a restitution fine of $1,050 (§ 1202.4, subd. (b)).

First, the restitution fine under section 1202.4 was properly imposed because only the portion of such a fine above the statutory minimum amount is subject to an ability to pay determination. Under subdivision (c), "The court shall impose the restitution fine unless it finds compelling and extraordinary reasons for not doing so and states those

4

reasons on the record. A defendant's inability to pay shall not be considered a compelling and extraordinary reason not to impose a restitution fine. Inability to pay may be considered only in increasing the amount of the restitution fine in excess of the minimum fine pursuant to paragraph (1) of subdivision (b)." The minimum amounts set by that statute are $300 for each felony and $150 for each misdemeanor. Defendant's restitution fine of $1,050 reflects the minimum fine for three felonies and one misdemeanor, and so was properly imposed without a finding of ability to pay.

That leaves us with the probation supervision costs under section 1203.1b and booking costs under Government Code section 29550, each of which requires a determination that the defendant has the ability to pay. We agree with the People that defendant forfeited the right to challenge on appeal the imposition of these costs under *People v. Trujillo* (2015) 60 Cal.4th 850, 857-858 ("[W]e believe to place the burden on the defendant to assert noncompliance with section 1203.1b in the trial court as a prerequisite to challenging the imposition of probation costs on appeal is appropriate.") and *People v. Aguilar* (2015) 60 Cal.4th 862, 866 ("[C]hallenges to the imposition of booking fees are forfeited unless made at sentencing.") Although defendant argues that defense counsel objected to all fees and costs requiring an ability to pay determination, and that the trial court intended to strike all such discretionary items, a close reading of the record transcript shows the opposite. First, the court announced the imposition of pre-sentence incarceration costs, to which defense counsel responded by asking the court "to find that he does not have the ability to pay." Counsel did not specify whether he was objecting to just the incarceration costs or all discretionary costs, but both the context and

5

defense counsel's subsequent comments indicate the objection was solely to the incarceration costs. Second, in response to defense counsel's question regarding which costs it was going to strike, the court specified that it would strike the incarceration costs. In addition, it appears from the court's hand-written notation crossing out the probation report item on the $1,095 in probation costs that the court struck those costs as well. Finally, defense counsel said, "Thank you" in response to the court's clarification that it was striking the incarceration costs, and the defendant answered, "No" when the court asked him if he had any questions about the terms and conditions of his probation. It appears to us that, because the court had acquiesced in the defense's request to strike the incarceration costs, there is no reason defense counsel could not then have requested that other discretionary fees and costs also be stricken based on defendant's inability to pay. Both defense counsel and defendant himself appeared satisfied with the trial court's actions in striking the overwhelming majority of discretionary costs, and neither pressed further after the court made clear what it intended to do. For these reasons, we find defendant forfeited the right to challenge the remaining costs in this appeal.

**DISPOSITION**

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RAMIREZ _____
                                                                          P. J.

We concur:

MILLER _____
                                J.

CODRINGTON _____
                                J.

7