Filed 7/20/16  P. v. Serrano CA4/3

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

### IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

### FOURTH APPELLATE DISTRICT

### DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>　　Plaintiff and Respondent,<br><br>　　　v.<br><br>SILVIA DENISE SERRANO,<br><br>　　Defendant and Appellant. | G051307<br><br>(Super. Ct. No. 13CF3023)<br><br>O P I N I O N |

Appeal from a postjudgment order of the Superior Court of Orange County, Christopher J. Evans, Temporary Judge.  (Pursuant to Cal. Const., art. VI, § 21.) Affirmed in part, reversed in part, and remanded.

Leonard J. Klaif, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, A. Natasha Cortina and Kristen Kinnaird Chenelia, Deputy Attorneys General, for Plaintiff and Respondent.

Silvia Denise Serrano appeals from the trial court's postjudgment order granting her petition to recall her felony conviction, reduce it to a misdemeanor, and resentence her. Serrano argues the trial court erred by ordering her to reimburse the public defender and the sheriff. As we explain below, we conclude Serrano forfeited appellate review of whether the fees were proper but we must remand the matter for the trial court to clarify the authority for and amount of the fees.

## FACTS

In 2013, Serrano pleaded guilty to receiving stolen property and admitted the prior conviction and prison term allegations. The trial court sentenced Serrano to two years in prison. Serrano entered into the plea agreement understanding the court may order her to reimburse her attorney fees and signed a waiver on the determination of her ability to pay. The court determined Serrano was unable to pay attorney fees because of her commitment to state prison.

In January 2015, Serrano filed, and the trial court granted, a petition to have her felony conviction designated a misdemeanor pursuant to Penal Code section 1170.18. The court redesignated Serrano's conviction a misdemeanor, ordered her to serve 365 days in jail with credit for time served, and imposed one year of parole. The court concluded, "I am signing an order that requires you to reimburse the public defender and the sheriff." When the court asked whether there was anything else, defense counsel responded, "No. Thank you, your honor."

## DISCUSSION

Serrano argues the trial court erred by imposing attorney fees and "sheriff" fees and asserts her claims are not forfeited. The Attorney General contends Serrano forfeited appellate review of these issues and alternatively, the fees were proper. However, the Attorney General concedes the matter must be remanded for the court to specify the authority for and amount of the fees. We agree with the Attorney General.

2

Proposition 47, the Safe Neighborhoods and Schools Act, reduced several felony offenses to misdemeanors. (Pen. Code, § 1170.18, subd. (a).) As relevant here, Proposition 47 also authorizes persons who have been convicted of those offenses and who are "currently serving a sentence for [such] a conviction" to "petition for a recall of [that] sentence" and for *resentencing* under the new misdemeanor provisions. (*Ibid*.) Penal Code section 1170.18, subdivision (k), provides that an offense resentenced as a misdemeanor "shall be considered a misdemeanor for all purposes." Thus, once the court has redesignated a defendant's offense a misdemeanor, it must reduce any such fines and fees to the appropriate level for a misdemeanor. (See *People v. Park* (2013) 56 Cal.4th 782, 793.)

Penal Code section 987.8 authorizes the trial court to order criminal defendants to pay all or part of the cost of their appointed counsel after the court determines the defendant has a present ability to pay. Government Code sections 29550, 29550.1, and 29550.2 authorize the trial court to impose various criminal justice administration fees, some of which require the trial court to determine whether a defendant has the ability to pay.

In *People v. Aguilar* (2015) 60 Cal.4th 862, 864, the Supreme Court held a defendant's failure to challenge fees at a sentencing hearing forfeits the issue and precludes her from challenging the fees on appeal. Here, Serrano did not challenge imposition of the fees at resentencing. She claims, however, she did not have a meaningful opportunity to object (*People v. Scott* (1994) 9 Cal.4th 331, 356), characterizing imposition of the fees as an "afterthought." The record belies her assertion. After the trial court imposed the fees, the court asked if there was anything else on Serrano's case. Serrano's defense counsel said, "No." Thus, Serrano forfeited appellate review of the trial court's order imposing the fees.

However, the trial court did not specify the authority it relied on to impose the fees and it did not specify the amount imposed for each fee. The minute order from

3

the date of the resentencing hearing is silent on the issue. Additionally, the record does not include any other order regarding the fees.

In her reply brief, Serrano states the following: "If in fact, as [the Attorney General] claims, the trial court simply was re-evaluating its original sentencing decision . . . , with respect to both the [p]ublic [d]efender and the [s]heriff, then [she] has no quarrel with [the Attorney General's] contentions; that based on the change in circumstances, the $150.00 for a misdemeanor agreed to by [Serrano] in the waiver form of that day would be appropriate, as would be the imposition of a booking fee."

"The purpose of [Penal Code] section 1170.18 is to take the defendant back to the time of the original sentence and resentence him [or her] with the Proposition 47 count now a misdemeanor." (Couzens & Bigelow, Proposition 47 "The Safe Neighborhoods and Schools Act" (May 2016) p. 58.) Based on the Attorney General's assertions, and Serrano's concessions, we remand the matter to the trial court to specify the statutory authority for imposing the fees and the amounts of each fee.

## DISPOSITION

The postjudgment order is affirmed in part, reversed in part, and remanded for further proceedings.


O'LEARY, P. J.

WE CONCUR:


MOORE, J.


FYBEL, J.

4