Filed 9/25/20  P. v. Lozano CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Butte)

----

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>PASCUAL MORALES LOZANO,<br><br>    Defendant and Appellant. | C090499<br><br>(Super. Ct. No. 19CF00802) |

Defendant Pascual Morales Lozano appeals his felony conviction for possession of ammunition by a felon.  Defendant asserts, and the People concede, a one-year sentence enhancement imposed on him pursuant to Penal Code section 667.5, subdivision (b) must be stricken because of recently adopted legislation.  (Statutory section citations that follow are to the Penal Code, unless otherwise set forth.)  He also asserts the trial court erred in imposing fines and fees without conducting an ability to pay hearing.  We strike defendant's prior prison term enhancement and otherwise affirm the judgment.

1

FACTS AND PROCEDURAL HISTORY

Police officers searched defendant's house and cars, finding 177 rounds of ammunition in the trunk of one of the cars. Defendant was charged with felony possession of ammunition by a felon (§ 30305, subd. (a)(1)) and misdemeanor possession of drug paraphernalia (Health & Saf. Code, § 11364, subd. (a)). It was also alleged defendant had a prior prison term (§ 667.5, subd. (b)) for child abuse (§ 273a, subd. (a)), disturbing the peace with gang activity (§§ 415, 186.22, subd. (d)), and assault likely to cause great bodily injury (§ 245, subd. (a)(1)). The charge for possession of drug paraphernalia was dismissed before trial.

The jury found defendant guilty of possession of ammunition by a felon. At a bifurcated hearing, the court found the prior prison term enhancement true. At sentencing in September 2019, the court sentenced defendant to the upper term of three years for possession of ammunition and an additional year for the prior prison term enhancement. It also imposed a restitution fine of $300 (§ 1202.4, subd. (b)), a second restitution fine of $300 that was stayed (§ 1202.45), a court operation assessment of $40 (§ 1465.8, subd. (a)), and a court facilities assessment of $30 (Gov. Code, § 70373).

DISCUSSION

I

*Senate Bill No. 136*

Defendant first contends the one-year prior prison term enhancement imposed pursuant to section 667.5, subdivision (b) must be stricken pursuant to the amendment to section 667.5, subdivision (b) by Senate Bill No. 136 (2019-2020 Reg. Sess.) (Senate Bill 136) effective January 1, 2020. The People concede the issue.

Signed by the Governor on October 8, 2019, and effective January 1, 2020, Senate Bill 136 amends section 667.5, subdivision (b), to eliminate the one-year prior prison

term enhancement for most prior convictions including defendant's. (Stats. 2019, ch. 590, § 1.)

Because Senate Bill 136 will become effective before defendant's judgment becomes final, we agree with the parties that the amended law will apply to him retroactively. (See *In re Estrada* (1965) 63 Cal.2d 740, 744-745 [absent evidence of contrary legislative intent, ameliorative criminal statutes apply to all cases not final when the statute takes effect].) Therefore, we modify the judgment to strike defendant's one-year prior prison term enhancement. We need not remand this matter for resentencing, as the trial court already imposed the maximum sentence available. (*People v. Lopez* (2019) 42 Cal.App.5th 337, 342.)

II

*Ability to Pay Hearing*

Defendant, relying on *People v. Dueñas* (2019) 30 Cal.App.5th 1157, next argues the $370 in fines and fees could not legally be imposed on him without first determining his ability to pay. He requests we strike the fines and fees or remand for an ability to pay hearing. He also asserts this error cannot be forfeited for a failure to raise an objection because *Dueñas* and its findings were unforeseeable. The People argue forfeiture because *Dueñas* was decided months before defendant's sentencing hearing. We agree with the People.

The sentencing hearing was held eight months after *Dueñas* was decided; there was thus authority for requesting an ability to pay hearing at the time of the sentencing hearing and defendant failed to do so. Therefore, we find defendant has forfeited his right to challenge these fines and fees on appeal. (Cf. *People v. Castellano* (2019) 33 Cal.App.5th 485, 489 [finding the defendant did not forfeit *Dueñas* argument because it was decided after sentencing]; see *People v. Aguilar* (2015) 60 Cal.4th 862, 866-867

[defendant's failure to object at sentencing to certain fees on the basis of his inability to pay forfeited the challenge on appeal].)

DISPOSITION

The one-year prior prison term enhancement (§ 667.5, subd. (b)) imposed is stricken.  In all other respects, the judgment is affirmed.  The trial court shall prepare an amended abstract of judgment and transmit it to the Department of Corrections and Rehabilitation.

_____
HULL, Acting P. J.

We concur:

_____
MURRAY, J.

_____
HOCH, J.