Filed 11/10/21  P. v. Wilson CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Yolo)

----

| | |
|---|---|
| THE PEOPLE, | C092284 |
| Plaintiff and Respondent, | (Super. Ct. No. CRF 19-3493 & CRF 19-5266) |
| v. | |
| MICHAEL ALLEN WILSON, JR., | |
| Defendant and Appellant. | |

Defendant appeals the imposition of fines and fees on the basis that the trial court did not first hold a hearing to determine his ability to pay pursuant to *People v. Dueñas* (2019) 30 Cal.App.5th 1157.  We disagree with *Dueñas* and affirm.

BACKGROUND

The facts of defendant's underlying crimes are not relevant to this appeal and therefore, we shall not discuss them.  Defendant pleaded no contest to burglary in the first degree and violating a domestic violence restraining order.  In May 2020, as part of his sentence, the trial court ordered defendant to pay a total court operations assessment of

1

$80, a criminal conviction assessment of $60, and a restitution fine of $450. Defendant did not raise an inability to pay or object at the time of sentencing to the imposition of these amounts.

In October 2020, while this appeal was pending, defendant's appellate counsel sent a letter to the trial court requesting it strike or stay the assessments and fines in light of *Dueñas*. Our record on appeal does not contain any response to this letter.

## DISCUSSION

Defendant appeals on the basis that the imposition of assessments and fines absent an ability to pay hearing violated his California and federal constitutional rights to due process. Defendant's letter to the trial court, submitted *subsequent* to his sentencing, relies on *Dueñas* as the basis for this claim. The People argue defendant forfeited this claim by failing to raise it before the trial court during sentencing. Further, the People argue the claim fails because defendant did not show an inability to pay the assessments in the trial court and defendant does not have a constitutional right to an ability to pay hearing for the restitution fine.

We conclude defendant forfeited his challenge to the assessments and fines because the sentencing hearing was held after *Dueñas* was decided. There was authority for requesting an ability to pay hearing at the time of the sentencing hearing and defendant failed to do so. (Cf. *People v. Castellano* (2019) 33 Cal.App.5th 485, 489 [finding the defendant did not forfeit *Dueñas* argument because it was decided after sentencing]; see *People v. Aguilar* (2015) 60 Cal.4th 862, 866-867 [defendant's failure to object at sentencing to certain fees on the basis of his inability to pay forfeited the challenge on appeal].)

In any case, we are not persuaded the analysis used in *Dueñas* is correct. Our Supreme Court is now poised to resolve this question, having granted review in *People v. Kopp* (2019) 38 Cal.App.5th 47, review granted November 13, 2019, S257844, which agreed with the court's conclusion in *Dueñas* that due process requires the trial court to

2

conduct an ability to pay hearing and ascertain a defendant's ability to pay before it imposes court facilities and court operations assessments under Penal Code section 1465.8 and Government Code section 70373, but not restitution fines under Penal Code section 1202.4.  (*Kopp,* at pp. 95-96.)

In the meantime, we join several other courts in concluding that the principles of due process do not require determination of a defendant's present ability to pay before imposing the fines and assessments at issue in *Dueñas* and in this proceeding.  (*People v. Kingston* (2019) 41 Cal.App.5th 272, 279; *People v. Hicks* (2019) 40 Cal.App.5th 320, 329, review granted Nov. 26, 2019, S258946; *People v. Aviles* (2019) 39 Cal.App.5th 1055, 1069; *People v. Caceres* (2019) 39 Cal.App.5th 917, 928.)  Having done so, we reject defendant's *Dueñas* challenge to his assessments and fines even if it was not forfeited.

DISPOSITION

The judgment is affirmed.

 

 

 

 

                              /s/                                  
                              HOCH, J.

 

 

 

We concur:

 

 

 

 /s/

RAYE, P. J.

 

 

 

 /s/

MURRAY, J.

3