Filed 5/3/22  P. v. Griffin CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>MANDAK KOHN GRIFFIN,<br><br>    Defendant and Appellant. | G060105<br><br>(Super. Ct. No. 11WF1233)<br><br>O P I N I O N |

Appeal from a judgment of the Superior Court of Orange County, Michael J. Cassidy, Judge.  Affirmed.

Mark D. Johnson, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, A. Natasha Cortina and Alan L. Amann, Deputy Attorneys General, for Plaintiff and Respondent.

\*          \*          \*

Mandak Kohn Griffin appeals from a lengthy sentence following his conviction for multiple sex crimes against minors, possession of child pornography, and using a minor to assist in distributing or producing child pornography. Griffin contends his conviction for violating Penal Code section 311.4, subdivision (a) [1], must be reversed for lack of evidence he used a minor to distribute pornography. As explained below, we conclude the prosecution charged Griffin with using a minor to produce child pornography, the production theory was argued to the fact finder, and the trial evidence supported that theory.  Griffin also appeals from the imposition of various fines and fees, but as explained below, we conclude he forfeited his claim of error because he failed to object below.  Accordingly, we affirm the judgment.

I

FACTUAL AND PROCEDURAL BACKGROUND [2]

A.  *Investigation*

In 2010, FBI agent Nicholas Phirippidis was investigating persons suspected of using a peer-to-peer file sharing program called Gigatribe to trade child pornography.  Appellant used the commercial version of the program, which allowed him to grant full control over designated folders on his computer to other users, including viewing and downloading files in the folders. While Phirippidis was viewing and downloading files from appellant's computer, appellant sent him a chat message asking, "Do you have any boy stuff?" Phirippidis responded, "What do you like?" and appellant replied, "White boys around four to 12, kinda like the pics[ ] that I have."

---

[1] All further statutory references are to the Penal Code.

[2] Because appellant challenges only his conviction for count 2 (use of a minor to produce or distribute child pornography), we summarize the facts relevant to that count.

2

Phirippidis obtained appellant's home address from his Internet service provider and sent the results of his investigation to the nearest FBI field office. Using the information, Los Angeles FBI special agent, Cynthia Kayle, obtained a warrant to search appellant's residence, which was executed on January 19, 2011. Appellant, who was present, voluntarily spoke with Kayle. He admitted he had received child pornography through Gigatribe and another file-sharing network called IMGSRC, but claimed the pornography had been uploaded to his computer by other people and he had "no control" over that process. Appellant, however, admitted he had taken two photographs depicting his godson A.A. with his erect penis exposed. He had saved one of the photographs for later use as a "gambling chip" in case he wanted something from someone and "you got something that they might be interested in."

In appellant's bedroom, law enforcement seized a laptop computer, a desktop computer, and boy's underwear and denim shorts. The parties stipulated the laptop contained 253 pictures of A.A., of which 51 were pornographic. One of the photographs depicted appellant pulling back AA's pajamas with a caption saying "[A.A.], barely five, not circumcised, first boner sleeping." The laptop also contained an additional 1,687 images and 353 videos of child pornography, not depicting A.A. The desktop contained 175 pictures of A.A., none of which were pornographic, as well as eight images of child pornography and 43 images of child erotica not depicting A.A.

In a subsequent forensic interview, A.A. detailed the sex acts appellant had forced upon him. A.A. also stated that when he was seven-years old, he was playing video games when appellant told him to change his clothes because it was hot. After he had taken off his clothes, appellant told him to turn around and smile, and then took a picture of him naked.

The pornographic photographs of A.A. were submitted to the Child Victim Identification Program, which is part of the National Center for Missing and Exploited Children (NCMEC). In April of 2015, the NCMEC contacted Kayle and informed her

3

that another law enforcement agency conducting its own child pornography investigation had found the pornographic images of A.A. on another person's computer.

B. *Charging Documents, Trial and Sentence*

On May 20, 2011, the district attorney filed a felony complaint against Griffin, charging him with possession of child pornography (count 1), committing a lewd act on a child under the age of 14 (counts 3 & 4), and violating "Section 311.4(a) of the Penal Code (USING MINOR FOR DISTRIBUTION OF OBSCENE MATTER)" (count 2). As to count 2, the charging document alleged that Griffin "knew, or was in possession of facts on the basis of which defendant should reasonably have known, JOHN DOE#1 was a minor, did unlawfully hire, employ, and use JOHN DOE#1 to do, and assist in doing, an act of bringing obscene matter into and distributing it within California as described in Penal Code section 311.2." The district attorney filed an amended complaint on June 13, 2011, adding three additional counts of child molestation and amending certain dates.

On June 28, 2012, the district attorney filed an information that made the same allegations as the amended complaint with respect to count 2. The district attorney later amended the information to add six additional child molestation counts for a total of 13 counts, but the allegations of count 2 remained the same.

Appellant waived his right to a jury trial and requested a court trial. During closing, the prosecutor noted that as to count 2, "I believe this case [falls] under the (a) subsection [because] we actually have assisting in the production of." He argued there was evidence Griffin "knew that he was using a minor of that age to pose or model" and "multiple examples of the Defendant actually producing porn."

The court found appellant guilty as charged. It sentenced him to 185 years to life, to be followed by a determinate term of three years and eight months. It also imposed various fees and fines.

DISCUSSION

A. *Substantial Evidence Supports Appellant's Conviction for Violating Penal Code Section 311.4, subdivision (a)*

Appellant contends his conviction for violation Penal Code section 311.4, subdivision (a), should be reversed because there is no evidence any minor assisted appellant in distributing child pornography. "When the sufficiency of the evidence to support a conviction is challenged on appeal, we review the entire record in the light most favorable to the judgment to determine whether it contains evidence that is reasonable, credible, and of solid value from which a reasonable trier of fact could find the defendant guilty beyond a reasonable doubt." (*People v. Elliott* (2012) 53 Cal.4th 535, 585.) Our review must "'presume in support of the judgment the existence of every fact the [fact finder] could reasonably have deduced from the evidence.'" (*People v. Manibusan* (2013) 58 Cal.4th 40, 87.) In deciding the sufficiency of the evidence, "[w]e resolve neither credibility issues nor evidentiary conflicts." (*People v. Maury* (2003) 30 Cal.4th 342, 403.) "Moreover, unless the testimony is physically impossible or inherently improbable, testimony of a single witness is sufficient to support a conviction." (*People v. Young* (2005) 34 Cal.4th 1149, 1181.)

Section 311.4, subdivision (a), prohibits the employment or use of a minor to do or assist in doing any of the acts described in section 311.2. Section 311.2, subdivision (a), provides that "[e]very person who knowingly sends or causes to be sent, or brings or causes to be brought, into this state for sale or distribution, or in this state possesses, prepares, publishes, produces, or prints, with intent to distribute or to exhibit to others, or who offers to distribute, distributes, or exhibits to others, any obscene matter is for a first offense, guilty of a misdemeanor." Thus, section 311.4, subdivision (a), prohibits the employment or use of a minor in the production of child pornography with intent to distribute or exhibit it to others. (See *People v. Cochran* (2002) 28 Cal.4th 396,

402 ["section 311.4 thus 'prohibits the employment or use of a minor . . . in the production of material depicting that minor in "sexual conduct""].)

Here, the record showed appellant took a pornographic picture of a minor and saved it for possible trading with others.  A.A. also testified that when he was seven-years old, appellant asked him to take off his clothes and smile before taking a picture of him naked. Finally, pornographic images of A.A. were found on another person's computer. On this record, substantial evidence supported the finding that appellant used a minor to produce child pornography with the intent to distribute it to others.

Appellant contends he was never charged with violating section 311.4, subdivision (a), on the theory that he used a minor to assist in the production of child pornography. However, as noted above, during closing arguments the prosecutor stated that appellant violated section 311.4 under the production prong because the evidence showed "multiple examples of the Defendant actually producing porn" using a minor to pose or model.  Appellant did not object. (See *People v. Fernandez* (2013) 216 Cal.App.4th 540, 555 [defendant forfeited objection to proposed amendment to information at trial by failing to timely raise it].) Thus, appellant was charged under the production prong of section 311.4, subdivision (a); the production theory was argued to the factfinder; and the trial evidence supported that theory. (Cf. *People v. Pennington* (2017) 3 Cal.5th 786, 800 ["'we cannot affirm a criminal conviction on the basis of a theory not presented to the jury'"].) [3]

---

[3] Appellant also notes the trial court, in pronouncing its verdict on count 2, used the distribution language.  Any error in doing so was harmless beyond a reasonable doubt because, as detailed above, appellant was charged with violating the production prong of section 311.4, subdivision (a); the prosecution argued that theory without objection; and the evidence clearly established appellant's use of a minor to produce child pornography with the intent to distribute.

B. *Appellant Waived His Right to Challenge the Imposition of Various Fines and Fees*

During appellant's April 9, 2021 sentencing, the trial court ordered appellant to pay the following fines and fees: the mandatory court operations fee and $30 criminal conviction fee for each count, a state restitution fine of $200, and a parole revocation fine of $200. The court also found "an inability to pay the Sex Offender Fee pursuant to section 290.3." Appellant contends for the first time that the imposition of fines and fees violates *People v. Dueñas* (2019) 30 Cal.App.5th 1157, which was decided more than two years before his sentencing hearing.

We conclude appellant forfeited his challenge to the imposition of fines and fees because he failed to object below to the fines and fees even after the trial court expressly found he lacked the ability to pay the sex offender fee. (See *People v. Aguilar* (2015) 60 Cal.4th 862, 864 ["defendant's failure to challenge the fees in the trial court precludes him from doing so on appeal"].)

## III

### DISPOSITION

The judgment is affirmed.


ZELON, J.*

WE CONCUR:


BEDSWORTH, ACTING P. J.


MOORE, J.

*Retired Justice of the Court of Appeal, Second Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.