Filed 11/2/20  P. v. Vongchanh CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Butte)

----

| | |
|---|---|
| THE PEOPLE, | C090988 |
| Plaintiff and Respondent, | (Super. Ct. No. 19CF04225) |
| v. | |
| SOURIYA DANNY VONGCHANH, | |
| Defendant and Appellant. | |

Defendant Souriya Danny Vongchanh was seen leaving a grass fire that damaged a fence and threatened to burn residential structures.  He was convicted of arson (Pen. Code, § 451, subd. (d))[1] and sentenced to three years in state prison plus an additional year for the special allegation he had served a prior prison term (§ 667.5, subd. (b)).  The court also imposed various fines and fees.  On appeal, defendant makes three arguments: (1) the arson conviction is unsupported by substantial evidence; (2) remand is necessary

---

[1]  Undesignated statutory references are to the Penal Code.

1

for the trial court to conduct an ability to pay hearing on the fines and fees, relying on *People v. Duenas* (2019) 30 Cal.App.5th 1157 (*Dueñas*); and (3) his prior prison term enhancement should be stricken under Senate Bill No. 136. We strike the one-year prior prison term enhancement and affirm.

## I. BACKGROUND

At a bench trial, two witnesses testified they were nearby the fire when it started and saw defendant leaving the scene. Though people often camped in the area, defendant was the only other person present when the fire started and was about 10 feet away from the fire when the witnesses saw him walking away. One of the witnesses said she heard the defendant say, "How did you like that?" They then left to go call for help.

Fire Captain Donald Robinson testified to arriving at the scene, seeing smoke rising behind a fence. Before the fire was put out, a total area of .19 acres of grass had burned and portions of the fence were damaged. He determined a 30-foot area where the fire started, which was grassy and surrounded on three sides by residential structures and sheds within about 50 feet. Captain Robinson could not, however, determine the source of the fire and whether it was or was not arson. There was also no evidence the fire was started naturally such as by lighting or downed power lines, and there was no evidence it was started by cooking or someone smoking.

Police Officer Robert Raiter testified defendant was arrested based on the description provided by the witnesses. He was found carrying two lighters at a nearby store within 10 minutes of the fire being started. Officer Raiter did an in-field show up with the witnesses who identified defendant as the person they saw at the fire. He also described that area as a place where homeless people would camp, and he had told defendant to leave the area the day before the fire.

The court found defendant guilty of arson. It also found true the prior prison term allegation, which was for evading a police officer. (Veh. Code, § 2800.2, subd. (a).) The court sentenced defendant to four years—the upper term of three years for arson and one

year for the prior prison term. The court also imposed a minimum $300 restitution fine (§ 1202.4, subd. (b)), a $40 court operations assessment (§ 1465.8), and a $30 conviction assessment (Gov. Code, § 70373).

## II. DISCUSSION

### A.      *Sufficiency of Evidence*

Defendant argues there was insufficient evidence supporting his arson conviction because there was no evidence he started the fire or that it was maliciously set. The only evidence tying him to the fire was the two witnesses who saw him in the general area where others camped. He further argues that his alleged statement at the scene does not take responsibility or indicate motive, so the evidence could at most support a conviction for unlawful burning under section 452. We disagree.

We review the record in the light most favorable to the judgment to determine whether it discloses substantial evidence. (*People v. Snow* (2003) 30 Cal.4th 43, 66.) Substantial evidence is evidence that is "reasonable, credible and of solid value—from which a reasonable trier of fact could find the defendant guilty beyond a reasonable doubt." (*Ibid.*) From the evidence, we draw all inferences supporting the fact finder's verdict. (*People v. Olguin* (1994) 31 Cal.App.4th 1355, 1382.) Before the judgment can be set aside for insufficient evidence, "it must clearly appear that on no hypothesis whatever is there sufficient substantial evidence to support the verdict of the [fact finder]." (*People v. Hicks* (1982) 128 Cal.App.3d 423, 429.) " ' "This standard applies whether direct or circumstantial evidence is involved." ' " (*People v. Thompson* (2010) 49 Cal.4th 79, 113.)

Section 451 is violated when a person "willfully and maliciously sets fire to or burns or causes to be burned . . . any structure, forest land, or property." (§ 451.) The malice necessary for arson is not "actual ill will or intent to injure," but instead "will be presumed or implied from the deliberate and intentional ignition or act of setting a fire without a legal justification, excuse, or claim of right." (*In re V.V.* (2011) 51 Cal.4th

1020, 1028.) The nature of arson "ordinarily dictates that the evidence will be circumstantial," so courts have relied on several factors to evaluate evidence of arson, including: "motive, evidenced by a threat [citations]; prior presence in the building [citation]; possession of inflammatory materials [citation]; presence in the vicinity at time of fire [citations]; lack of evidence of natural or accidental cause but evidence of intentional (incendiary) cause [citations]; more than one fire with temporal and spatial proximity [citations]; and defendant's possession of the instrumentality utilized to start the fire [citations]." (*People v. Beagle* (1972) 6 Cal.3d 441, 449-450, abrogated on other grounds by *People v. Diaz* (2015) 60 Cal.4th 1176, 1190.) "Consequently, the lack of . . . direct evidence to establish [a defendant's] guilt does not render the [fact finder's] verdict of guilty of arson constitutionally deficient." (*People v. Solis* (2001) 90 Cal.App.4th 1002, 1010.)

The evidence here satisfies several factors considered in evaluating circumstantial evidence establishing arson convictions. Defendant was not only at the scene of the fire but was the only one there besides the witnesses, he was carrying lighters, he was at the scene the day before the fire, there was no evidence the fire was started naturally, and he had motive—he was told to leave the area by Officer Raiter the day before. Defendant's statement, "How did you like that?" and the lack of evidence that he subsequently called for help or otherwise acted surprised by the fire supports the trial court's reasonable inference defendant not only started the fire but did so intentionally in retribution for being previously forced out of the area. Captain Robinson's inability to determine the precise cause of the fire is not evidence against arson because he also could not rule out arson. The circumstantial evidence in this case was more than sufficient for a reasonable trier of fact to determine defendant started the fire and did so intentionally. (See *People v. Solis, supra*, 90 Cal.App.4th at pp. 1010-1011 [finding substantial evidence of arson with evidence defendant had access to accelerant used to start fire, threatening messages

4

defendant left on a victim's answering machine, and defendant's motive through an acrimonious relationship with another victim].)

There is also no evidence defendant started the fire recklessly, as required by the lesser included offense of unlawfully causing a fire. (§ 452.) This offense is violated when one is " 'aware of and consciously disregards a substantial and unjustifiable risk that his or her act will set fire to . . . property.' " (*In re V.V., supra*, 51 Cal.4th at pp. 1031-1032.) These unintentional fires may, for example, "include those caused by a person who recklessly lights a match near highly combustible materials." (*People v. Atkins* (2001) 25 Cal.4th 76, 89.) Defendant points to no evidence supporting an inference he unintentionally and recklessly started the fire, such as him carelessly lighting a stove or throwing a cigarette.[2] Instead the evidence, summarized above, supports a contrary inference. The trial court's finding of guilt for arson was therefore supported by substantial evidence.

## B.     Fines and Fees

Defendant next argues the case should be remanded under *Dueñas, supra*, 30 Cal.App.5th 1157 for the trial court to hold an ability to pay hearing for the $300 restitution fine (§ 1202.4, subd. (b)), the $40 court operations assessment (§ 1465.8), and the $30 conviction assessment (Gov. Code, § 70373). The People argue forfeiture, defendant failed to show an inability to pay the fees, and he has no constitutional right to an ability to pay hearing.

---

[2] Defendant also relies heavily on *In re Stonewall F.* (1989) 208 Cal.App.3d 1054 to argue there is no evidence he had the specific intent to burn any structure. But the Supreme Court disapproved of this case and its central finding that arson is a specific intent crime. (See *People v. Atkins, supra*, 25 Cal.4th at p. 84 ["arson requires only a general criminal intent and that the specific intent to set fire to or burn or cause to be burned the relevant structure or forest land is not an element of arson"].)

5

Defendant forfeited his challenge to the fines, fees, and assessment because the resentencing hearing was held after *Dueñas* was decided; there was thus authority for requesting an ability to pay hearing at the time of the sentencing hearing and defendant failed to do so. (Cf. *People v. Castellano* (2019) 33 Cal.App.5th 485, 489 [finding the defendant did not forfeit *Dueñas* argument because it was decided after sentencing]; see *People v. Aguilar* (2015) 60 Cal.4th 862, 866-867 [defendant's failure to object at sentencing to certain fees on the basis of his inability to pay forfeited the challenge on appeal].)

In any case, we are not persuaded the analysis used in *Dueñas* is correct. Our Supreme Court is now poised to resolve this question, having granted review in *People v. Kopp* (2019) 38 Cal.App.5th 47, review granted November 13, 2019, S257844, which agreed with the court's conclusion in *Dueñas* that due process requires the trial court to conduct an ability to pay hearing and ascertain a defendant's ability to pay before it imposes court facilities and court operations assessments under section 1465.8 and Government Code section 70373, but not restitution fines under section 1202.4. (*Kopp, supra,* at pp. 95-96.)

In the meantime, we join several other courts in concluding that the principles of due process do not require determination of a defendant's present ability to pay before imposing the fines and assessments at issue in *Dueñas* and in this proceeding. (*People v. Kingston* (2019) 41 Cal.App.5th 272, 279; *People v. Hicks* (2019) 40 Cal.App.5th 320, 329, review granted Nov. 26, 2019, S258946; *People v. Aviles* (2019) 39 Cal.App.5th 1055, 1069; *People v. Caceres* (2019) 39 Cal.App.5th 917, 928.) Having done so, we reject defendant's *Dueñas* challenge to his fines and fees even if it was not forfeited.

C.      *Senate Bill No. 136*

Defendant contends his one-year prior prison term enhancement imposed pursuant to section 667.5, subdivision (b) must be stricken pursuant to the amendment to section

6

667.5, subdivision (b) by Senate Bill No. 136 (2019-2020 Reg. Sess.) effective January 1, 2020, and the People agree.

On October 8, 2019, the Governor signed Senate Bill No. 136 into law. The new law, which became effective on January 1, 2020, amends section 667.5, subdivision (b), which formerly imposed a one-year sentence enhancement for each separate prior prison term or county jail term imposed under section 1170, subdivision (h) where defendant had not remained free of custody for at least five years. (Former § 667.5, subd. (b).) Pursuant to Senate Bill No. 136, a one-year prior prison enhancement now applies only if a defendant served a prior prison term for a sexually violent offense as defined in Welfare and Institutions Code section 6600, subdivision (b). (See Stats. 2019, ch. 590, § 1.)

Because his sentence was not final when Senate Bill No. 136 took effect and because his prior offense was not for a sexually violent felony, we agree with the parties that the amended law applies to defendant retroactively. (See *People v. Vieira* (2005) 35 Cal.4th 264, 306 [defendant entitled to retroactive application of criminal statute that takes effect during the time defendant has to appeal to the United States Supreme Court]; *In re Estrada* (1965) 63 Cal.2d 740, 742; *People v. Lopez* (2019) 42 Cal.App.5th 337, 341-342.) Therefore, we modify the judgment to strike defendant's one-year prior prison term and otherwise affirm. We need not remand this matter for resentencing, as the trial court already imposed the maximum sentence available. (See *Lopez, supra,* at p. 342.)

7

## III.  DISPOSITION

The judgment is modified to strike the one-year prior prison term enhancement. (§ 667.5, subd. (b).)  As modified, the judgment is affirmed.  The trial court is directed to prepare an amended abstract of judgment and forward a certified copy to the Department of Corrections and Rehabilitation.


                                        /S/
                                    RENNER, J.



We concur:


/S/

DUARTE, Acting P. J.


/S/

HOCH, J.

8