Filed 5/7/21  P. v. Shirk CA2/2

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>TAMMY LYNN SHIRK,<br><br>    Defendant and Appellant. | B300878<br><br>(Los Angeles County<br>Super. Ct. No. MA073677) |

APPEAL from a judgment of the Superior Court of Los Angeles County.  Denise M. McLaughlin-Bennett, Judge. Affirmed and remanded with directions.

Karyn H. Bucur, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Scott A. Taryle and Colleen M. Tiedemann, Deputy Attorneys General, for Plaintiff and Respondent.

_____

Tammy Lynn Shirk appeals the judgment entered following a jury trial in which she was convicted of multiple drug-related offenses.[1] Following a court trial on appellant's prior convictions, the court found appellant had served two prior prison terms within the meaning of Penal Code[2] section 667.5, subdivision (b). The trial court sentenced appellant to a total term of 15 years and four months[3] in prison, which included two one-year enhancements pursuant to section 667.5, subdivision (b).

---

[1] Appellant was convicted of two counts of possession for sale of methamphetamine (Health & Saf. Code, § 11378, counts 1 & 7), two counts of sale, offer to sell, or transportation of methamphetamine (Health & Saf. Code, § 11379, subd. (a), counts 2 & 5), one count of being under the influence of methamphetamine (Health & Saf. Code, § 11550, subd. (a), count 4), one count of sale, offer to sell, or transportation of heroin (Health & Saf. Code, § 11352, subd. (a), count 6), and one count of possession for sale of heroin (Health & Saf. Code, § 11351, count 8).

[2] Undesignated statutory references are to the Penal Code.

[3] There is a discrepancy in the record as to the aggregate sentence as well as the sentences imposed on counts 4, 7, and 8. According to both the minute order and the abstract of judgment, appellant was sentenced to a total prison term of 15 years and four months, while the reporter's transcript states the total term is 16 years and four months. With respect to count 4, the minute order reflects a 364-day sentence to run consecutively, while the reporter's transcript states the 364-day sentence is concurrent, and the abstract of judgment does not mention the sentence on count 4 at all. As for count 7, the minute order reflects an eight-month term (one-third the midterm) stayed (§ 654), but the reporter's transcript shows a stayed sentence of three years. Finally, as to count 8, the minute order reflects a one-year stayed

The trial court imposed a $600 restitution fine (Pen. Code, § 1202.4, subd. (b)), a $30 criminal conviction facilities assessment fee (Gov. Code, § 70373), a $40 court security fee (Pen. Code, § 1465.8, subd. (a)(1)), and a $150 drug program fee plus penalty assessments (Health & Saf. Code, § 11372.7, subd. (a)).  The court also imposed and stayed a parole revocation restitution fine (Pen. Code, § 1202.45).

Appellant contends her sentence is unauthorized and her constitutional rights to due process and equal protection were violated by the trial court's imposition of the restitution fine and assessments without a determination of her ability to pay.  She thus asserts that the matter should be remanded to afford the trial court the opportunity to conduct an ability to pay hearing in accordance with *People v. Dueñas* (2019) 30 Cal.App.5th 1157 (*Dueñas*).  We reject the contention and affirm the judgment of conviction.

Appellant further asserts and respondent agrees that Senate Bill No. 136 requires that the two one-year prior prison term enhancements be stricken because the prior conviction was not for a sexually violent offense as defined in Welfare and Institutions Code section 6600, subdivision (b).  We agree and remand the matter to the trial court for resentencing to strike the one-year prior prison term enhancements imposed pursuant to Penal Code section 667.5, subdivision (b), and to exercise its sentencing discretion in light of the changed circumstances.

---

sentence (one-third the midterm), while the reporter's transcript states the sentence is four years stayed.

3

## FACTUAL BACKGROUND

On April 20, 2018, appellant was the passenger in a vehicle in which police recovered approximately 8,191 grams of methamphetamine during a traffic stop. Police also found over $10,000 in cash in the driver's wallet and a suitcase belonging to the driver. Appellant appeared to be under the influence of a stimulant and was carrying $8,092 in cash.

On December 27, 2018, during the pursuit of a speeding vehicle driven by appellant, police observed a black bag being tossed out of the car. The car pulled over approximately 100 yards from the spot where the black bag had landed. A bag containing about 1.5 grams of methamphetamine was visible on the center console of the car. A search of the vehicle turned up a digital gram scale. The black bag that had been thrown from the vehicle was partially open and contained approximately 71 grams of methamphetamine, 14 grams of heroin, and four unused ziplock bags. Police also found a scale with narcotics residue hanging out of the bag and a spoon with heroin residue on the ground less than a foot from where the bag had landed. Appellant admitted the methamphetamine in the center console was hers. She also admitted to throwing the black bag out of the car, but denied that it belonged to her.

## DISCUSSION

### I. Appellant Forfeited Her Challenge to the Imposition of the Restitution Fine and Court Assessments

Appellant contends the trial court's imposition of the $30 court facilities assessment (Gov. Code, § 70373), the $40 court operations assessment (Pen. Code, § 1465.8), and the $600 restitution fine (Pen. Code, § 1202.4) without first determining

4

her ability to pay violated her federal and state constitutional rights under *Dueñas*, *supra*, 30 Cal.App.5th 1157. She therefore maintains she is entitled to remand to enable the trial court to determine her ability to pay. She has forfeited the claim.

The trial court imposed the restitution fine and assessments at sentencing on August 9, 2019, a full seven months after the *Dueñas* decision was issued. But appellant raised no objection to any of the financial obligations ordered by the court, much less submit evidence that she could not pay these obligations. Appellant's failure to object to the imposition of the restitution fine or assessments and her failure to assert any inability to pay them (unlike the defendant in *Dueñas*) thus forfeited the issue on appeal.

Penal Code section 1202.4, subdivision (b)(1) requires a trial court to impose a minimum $300 restitution fine on every person convicted of a felony. Imposition of this fine is mandatory unless the court "finds compelling and extraordinary reasons for not doing so and states those reasons on the record." (*Id.*, subd. (c).) However, a defendant's inability to pay does not constitute a "compelling and extraordinary reason" to waive a restitution fine. Rather, a court may consider ability to pay "only in increasing the amount of the restitution fine in excess of the minimum fine." (*Ibid.*; *People v. Montelongo* (2020) 55 Cal.App.5th 1016, 1033 (*Montelongo*).)

Here, because the $600 restitution fine imposed by the trial court exceeded the $300 statutory minimum, appellant had the opportunity and the incentive to object and argue she was unable to pay it. She did not do so. By failing to raise the issue of her inability to pay the $600 restitution fine, appellant forfeited any claim that the court violated her constitutional rights by

5

imposing the fine without considering her ability to pay. (*People v. Miracle* (2018) 6 Cal.5th 318, 356 [defendant forfeited challenge to restitution fine which exceeded statutory minimum by failing to object at sentencing hearing]; *People v. Avila* (2009) 46 Cal.4th 680, 729 [by failing to adduce evidence of his inability to pay a $10,000 restitution fine, defendant forfeited the claim]; *Montelongo*, *supra*, 55 Cal.App.5th at p. 1033; *People v. Smith* (2020) 46 Cal.App.5th 375, 395 (*Smith*) ["a defendant forfeits a challenge to the trial court's imposition of a restitution fine above the statutory minimum for failing to consider his or her ability to pay if the defendant did not object in the trial court"]; *People v. Gutierrez* (2019) 35 Cal.App.5th 1027, 1033 (*Gutierrez*) [defendant "forfeited any ability-to-pay argument regarding the restitution fine by failing to object"].)

Further, the absence of any challenge to the $600 restitution fine based on an inability to pay also forfeited the instant challenge to the $70 in assessments the court imposed under Penal Code section 1465.8 and Government Code section 70373. (See *Montelongo*, *supra*, 55 Cal.App.5th at p. 1034 [defendant's failure to object to restitution fine above the statutory minimum "left no doubt he would not have challenged the much lower assessments even if he knew he had a right under *Dueñas* to request a hearing on his ability to pay"]; *Smith*, *supra*, 46 Cal.App.5th at p. 395 [challenge to fines and assessments forfeited where defendant "did not object in the trial court on the grounds that he was unable to pay, even though the trial court ordered him to pay the $10,000 statutory maximum restitution fine"]; *Gutierrez, supra*, 35 Cal.App.5th at p. 1033 ["[a]s a practical matter, if [the defendant] chose not to object to a $10,000 restitution fine based on an inability to pay, he surely

6

would not complain on similar grounds regarding an additional $1,300 in fees"].)

Appellant also forfeited her challenge to the assessments imposed under Penal Code section 1465.8 and Government Code section 70373[4] by failing to assert her *Dueñas* claim below. Although neither statute permits a trial court to consider the defendant's ability to pay in imposing the assessment, appellant did not even object to the court-imposed financial obligations seven months after *Dueñas* was decided. As a general matter, where a defendant has failed to object to fines or court assessments based on an inability to pay, the issue is forfeited on appeal. (*People v. Aguilar* (2015) 60 Cal.4th 862, 864 ["defendant's failure to challenge the fees in the trial court precludes him from doing so on appeal"]; see also *People v. Bipialaka* (2019) 34 Cal.App.5th 455, 464; *People v. Frandsen* (2019) 33 Cal.App.5th 1126, 1153–1155.) This is especially so in this case where sentencing occurred well after the *Dueñas* court declared a constitutional right to a court determination of the defendant's ability to pay before imposing statutorily mandated fines and assessments. Having altogether failed to challenge the imposition of the assessments below, appellant is precluded from doing so on appeal.

---

[4] Penal Code section 1465.8 requires the imposition of a $40 court operations assessment on every criminal conviction, and Government Code section 70373 mandates a $30 court facilities assessment for every criminal conviction.

7

## II. Appellant's Two One-year Prior Prison Term Enhancements Must Be Stricken and the Matter Remanded for Resentencing

Appellant's sentence includes two consecutive one-year enhancements pursuant to former section 667.5, subdivision (b) for having served two prior prison terms on felony convictions. However, effective January 1, 2020, Senate Bill No. 136 amended section 667.5, subdivision (b) to apply only if the prior prison term was served "for a sexually violent offense as defined in subdivision (b) of Section 6600 of the Welfare and Institutions Code." (Pen. Code, § 667.5, subd. (b); see Sen. Bill No. 136 (2019–2020 Reg. Sess.) § 1.) Appellant's prior prison term enhancements were based on convictions for burglary, receiving stolen property, and possessing a controlled substance in a place where prisoners are in custody. None of these crimes is a sexually violent offense. (Welf. & Inst. Code, § 6600, subd. (b).)

Absent evidence to the contrary, courts presume "the Legislature intended the amended statute to apply to all defendants whose judgments are not yet final on the statute's operative date." (*People v. Brown* (2012) 54 Cal.4th 314, 323.) Appellant's conviction was not final when Senate Bill No. 136 took effect because her case was (and remains) on appeal, and the time for filing a petition for writ of certiorari in the United States Supreme Court has not yet expired. (*People v. Vieira* (2005) 35 Cal.4th 264, 306; *People v. Nasalga* (1996) 12 Cal.4th 784, 789, fn. 5.) Accordingly, the amendment to section 667.5, subdivision (b) applies retroactively to this case. (*People v. Winn* (2020) 44 Cal.App.5th 859, 872–873 [Senate Bill No. 136 applies to nonfinal judgments on appeal]; *People v. Lopez* (2019) 42 Cal.App.5th 337, 341 [same].)

The matter must therefore be remanded to the trial court to strike both of the one-year prior prison term enhancements and to resentence appellant accordingly. However, on remand, the trial court is not limited to merely striking the prior prison term enhancements, but is entitled to reconsider the full range of sentencing options and impose a lawful sentence consistent with the court's original and presumably unchanged sentencing goals. (*People v. Hill* (1986) 185 Cal.App.3d 831, 834; *People v. Burbine* (2003) 106 Cal.App.4th 1250, 1258.)

**DISPOSITION**

The matter is remanded to the trial court for resentencing to strike the two one-year prior prison term enhancements imposed pursuant to former Penal Code section 667.5, subdivision (b). On remand, the trial court may reconsider the entire sentence and the full range of sentencing options available to it, correcting any remaining discrepancies in the record with regard to the original total prison term imposed and the sentences imposed on counts 4, 7, and 8. The trial court is directed to impose a $40 court operations assessment for each count of conviction as required by Penal Code section 1465.8, and a $30 court facilities assessment for every count of conviction pursuant to Government Code section 70373. The trial court is further directed to forward a certified copy of the corrected abstract of judgment to the Department of Corrections and Rehabilitation. In all other respects, the judgment is affirmed.

NOT TO BE PUBLISHED.


LUI, P. J.

We concur:



ASHMANN-GERST, J.



HOFFSTADT, J.


10