Filed 6/4/21  P. v. Bailey CA1/5
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br>v.<br>LEE JAMES BAILEY,<br><br>        Defendant and Appellant. | A161124<br><br>(Solano County<br>Super. Ct. No. FCR262979) |

Lee James Bailey appeals from a resentencing proceeding held pursuant to Penal Code section 1170, subdivision (d)(1).[1]  Bailey contends the trial court abused its discretion by declining to strike his firearm and prior serious felony conviction enhancements, and that the court erred by failing to consider his ability to pay two assessments and a restitution fine.

We affirm.

## BACKGROUND

In 2009, Bailey, then 21 years old, shot and robbed a man in a hotel room.  The bullet lodged in the man's spine, partially paralyzing him.  The prosecution charged Bailey with attempted first degree murder with firearm enhancements (§§ 664, 187, subd. (a), 12022, subd. (a)(1), 12022.53, subds. (b)–(d)); second degree robbery with firearm enhancements (§§ 211, 12022,

---

[1] Undesignated statutory references are to the Penal Code.

subd. (a)(1), 12022.53, subds. (b)–(d)); and assault with a semiautomatic weapon with a firearm enhancement (§§ 245, subd. (b), 12022.5, subds. (a), (d)). The information alleged Bailey had a prior serious felony conviction (§ 667, subd. (a)(1)) and a prior strike conviction (§§ 667, subds. (b)–(i), 1170.12, subds. (a)–(d)).

Bailey pled no contest to the robbery and admitted personally and intentionally discharging a firearm during that crime (§ 12022.53, subd. (c)). Bailey also admitted the prior conviction allegations. The parties agreed Bailey would receive a 35-year prison sentence, comprised of 5 years for the robbery, doubled for the prior strike conviction; a mandatory 20 years for the firearm enhancement; and a mandatory 5 years for the prior serious felony conviction. The prosecution dismissed the remaining charges and enhancements.

In 2011, the court sentenced Bailey to 30 years in state prison. It imposed a $40 court operations assessment (§ 1465.8); a $30 criminal conviction assessment (Gov. Code, § 70373); and a $7,000 restitution fine (§ 1202.4, subd. (b)). Several years later, the Department of Corrections and Rehabilitation (CDCR) notified the court that it had failed to double the five-year base term for the robbery conviction. The court amended the abstract of judgment to reflect a 35-year prison sentence.

## A.

In 2019, the Secretary of the CDCR recommended the court recall Bailey's sentence and resentence him pursuant to section 1170, subdivision (d)(1) based on a change in the law granting trial courts discretion to strike prior serious felony enhancements in the interest of justice. The recommendation attached documents showing Bailey's

attendance in rehabilitative programs, his work assignment history, and a report showing no rule violations.

The court recalled the sentence, appointed counsel, and scheduled a resentencing hearing. Before resentencing, defense counsel filed a memorandum of points and authorities urging the court to strike the firearm and serious felony enhancements based on legislation giving trial courts discretion to dismiss these enhancements in the interest of justice.[2] (See *People v. Garcia* (2018) 28 Cal.App.5th 961, 965; *People v. Thompkins* (2020) 50 Cal.App.5th 365, 388.) Defense counsel offered numerous supporting documents, including a social history describing Bailey's childhood and documenting his rehabilitation while incarcerated, and a psychological evaluation. Counsel also submitted documents highlighting Bailey's postconviction achievements.

The prosecution urged the court to leave Bailey's sentence intact. It argued striking the enhancements would not serve the interest of justice because the underlying offense was the culmination of escalating criminal behavior that began when Bailey was 18 years old with an arrest for residential burglary and that was followed by convictions for forgery, receiving stolen property, grand theft, and reckless driving. The prosecution also suggested the violent and callous circumstances of the crime—where Bailey shot the victim and left him gravely injured—did not support striking the enhancements. Finally, the prosecution noted Bailey had received the benefit of the plea bargain: a 35-year prison term in exchange for the

---

[2] Counsel also requested a youthful offender parole hearing pursuant to *People v. Franklin* (2016) 63 Cal.4th 261 and an opportunity to supplement the record with evidence relevant to such a hearing. The court granted the request and considered the evidence at resentencing.

prosecution's dismissal of more serious charges and enhancements that would have resulted in a much longer prison term.

**B.**

At the September 2020 resentencing hearing, the court considered the CDCR's recommendation, defense counsel's memorandum of points and authorities and supporting documentation, and the prosecution's opposition. It also heard argument from defense counsel, who urged the court to strike the enhancements and pointed to Bailey's "life history" and his "extraordinary record of achievement in prison." Defense counsel also contended Bailey's physical condition supported a reduction in the sentence. Bailey gave a statement admitting responsibility for the crime and expressing remorse for the pain and suffering he caused the victim and the victim's family.

After examining the "whole case," the court declined to reduce Bailey's term of imprisonment or strike either enhancement. The court noted the seriousness of the offense and the tragic consequences for the victim's family, as well as Bailey's youth when he committed the offense, his expression of genuine remorse, and his progress while incarcerated. After considering these circumstances, the court determined "it would not serve the interest of justice" to strike either enhancement.

Defense counsel also urged the court to conclude Bailey lacked the ability to pay the restitution fine or, in the alternative, to schedule an ability to pay hearing. Counsel argued Bailey's current prison job did not pay a salary and that Bailey could pay only a "small fraction" of the restitution fine while in prison. The court denied the request.

## DISCUSSION

Section 1170, subdivision (d)(1) authorizes the Secretary of the CDCR to recommend the trial court recall a previously imposed sentence "and resentence the defendant in the same manner as if [he or she] had not previously been sentenced, provided the new sentence, if any, is no greater than the initial sentence." The Secretary may recommend recall and resentencing where—as here—there is a change in sentencing law "due to new statutory or case law authority with statewide application." (Cal. Code Regs., tit. 15, § 3076.1, subds. (a)(3) & (d)(1).)

Section 1170, subdivision (d)(1) contemplates a two-step process. (*People v. McCallum* (2020) 55 Cal.App.5th 202, 214–215 (*McCallum*); *Dix v. Superior Court* (1991) 53 Cal.3d 442, 455–456, 463.) The trial court first decides whether to recall the sentence. (*McCallum*, at p. 210; *People v. Frazier* (2020) 55 Cal.App.5th 858, 863.) If the court recalls the sentence, it then holds a resentencing hearing. (*Dix*, at p. 463.)

### A.    No Abuse of Discretion in Declining to Strike the Enhancements

A court resentencing a defendant under section 1170, subdivision (d)(1) must "apply the sentencing rules of the Judicial Council so as to eliminate disparity of sentences and to promote uniformity of sentencing." It "*may* reduce a defendant's term of imprisonment and modify the judgment, including a judgment entered after a plea agreement, if it is in the interest of justice." (§ 1170, subd. (d)(1), italics added.) The court also "*may* consider postconviction factors, including, but not limited to, the inmate's disciplinary record and record of rehabilitation while incarcerated, evidence that reflects whether age, time served, and diminished physical condition, if any, have reduced the inmate's risk for future violence, and evidence that reflects that circumstances have changed since the inmate's original sentencing so that

5

the inmate's continued incarceration is no longer in the interest of justice." (*Ibid.*, italics added; see also *McCallum*, *supra*, 55 Cal.App.5th at p. 210.)

We review the court's sentencing decisions—including its decision not to strike Bailey's enhancements—for abuse of discretion. (*People v. Shaw* (2020) 56 Cal.App.5th 582, 587; *People v. Pearson* (2019) 38 Cal.App.5th 112, 116.) " ' "Where, as here, a discretionary power is statutorily vested in the trial court, its exercise of that discretion 'must not be disturbed on appeal *except* on a showing that the court exercised its discretion in an arbitrary, capricious or patently absurd manner that resulted in a manifest miscarriage of justice.' " ' " (*McCallum*, *supra*, 55 Cal.App.5th at p. 211.) This " 'standard "involves abundant deference" to the court's ruling.' " (*Ibid.*) We cannot reverse the decision merely because " ' "reasonable people might disagree. 'An appellate tribunal is neither authorized nor warranted in substituting its judgment for the judgment of the trial judge.' " ' " (*People v. Carmony* (2004) 33 Cal.4th 367, 377.)

Applying this deferential standard of review, we conclude the court did not abuse its discretion in declining to reduce Bailey's term of imprisonment. At resentencing, the court considered the extensive information offered by the CDCR, defense counsel, and Bailey. It also considered the circumstances of the crime and the postconviction factors in section 1170, subdivision (d)(1). After evaluating the "whole case," the court determined striking the enhancements would not "serve the interest of justice." While we commend Bailey's expression of remorse and his achievements while incarcerated, we cannot conclude the court acted in an arbitrary, capricious, or absurd manner by declining to reduce Bailey's sentence or strike the enhancements. (*People v. Delson* (1984) 161 Cal.App.3d 56, 60, 62–63 [no abuse of discretion in declining to modify sentence under § 1170, subd. (d)]; *People v. Pearson*,

6

*supra*, 38 Cal.App.5th at pp. 117–118 [no abuse of discretion in declining to strike firearm enhancement].)

Neither Bailey's dissatisfaction with the court's weighing of the postconviction factors in section 1170, subdivision (d)(1), nor his desire for a different result, demonstrates an abuse of discretion.  (See *People v. Willover* (2016) 248 Cal.App.4th 302, 320–324.)  Reversal is not required merely because the court did not discuss each and every postconviction factor at resentencing.  (*People v. Lee* (2017) 16 Cal.App.5th 861, 867.)  Also unpersuasive is Bailey's reliance on *Martinez v. Board of Parole Hearings* (2010) 183 Cal.App.4th 578 and *People v. Torres* (2020) 48 Cal.App.5th 550.  Those cases, which construed the compassionate release provision of section 1170, subdivision (e), have no application to a proceeding conducted pursuant to subdivision (d)(1).

B. **Bailey's Challenge to the Assessments and the Restitution Fine Fails**

Relying on *People v. Dueñas* (2019) 30 Cal.App.5th 1157 (*Dueñas*), Bailey contends the court violated his constitutional rights by imposing the court operations and criminal conviction assessments, and the restitution fine, without determining his ability to pay.  We are not persuaded.

A trial court must impose a $40 court operations assessment and a $30 criminal conviction assessment for each felony conviction.  (§ 1465.8, subd. (a)(1); Gov. Code, § 70373, subd. (a)(1).)  At resentencing, Bailey did not object to these assessments, nor request a hearing on his ability to pay them.  His "failure to challenge the [assessments] in the trial court precludes him from doing so on appeal."  (*People v. Aguilar* (2015) 60 Cal.4th 862, 864; *People v. Frandsen* (2019) 33 Cal.App.5th 1126, 1153; *People v. Baker* (2018) 20 Cal.App.5th 711, 720 [U.S. Const., 8th Amend. claim forfeited if not raised in the trial court].)

7

We also reject the claim on the merits.  The court's failure to determine whether Bailey is able to pay the court operations and criminal conviction assessments does not impair his access to the courts, nor subject him to imprisonment as a consequence for failing to pay.  (*People v. Petri* (2020) 45 Cal.App.5th 82, 87, 91–92.)[3]  Moreover, any assumed error in imposing the assessments without making an ability to pay finding is harmless beyond a reasonable doubt because it is likely that Bailey will have an opportunity to pay the $70 in assessments "through prison wages" during the remainder of his lengthy sentence.  (*People v. Oliver* (2020) 54 Cal.App.5th 1084, 1101.)  The assessments are not grossly disproportionate to Bailey's conviction.  (*People v. Lowery* (2020) 43 Cal.App.5th 1046, 1057–1058.)

Bailey's challenge to the $7,000 restitution fine under section 1202.4, subdivision (b) also fails.  "Inability to pay is a factor for the court to consider in setting the amount of a restitution fine, alongside 'any relevant factors including, but not limited to, . . . the seriousness and gravity of the offense and the circumstances of its commission, any economic gain derived by the defendant as a result of the crime, the extent to which any other person suffered any losses as a result of the crime, and the number of victims involved in the crime.' "  (*People v. Potts* (2019) 6 Cal.5th 1012, 1056.)

Here, the record supports an inference Bailey has the ability to pay the restitution fine from probable prison wages.  (*People v. Aviles* (2019) 39 Cal.App.5th 1055, 1076 [failure to conduct ability to pay hearing was harmless beyond a reasonable doubt]; *People v. Potts, supra,* 6 Cal.5th at

---

[3] The California Supreme Court is considering whether a trial court must consider a defendant's ability to pay before imposing or executing certain fines, fees, and assessments, and if so, which party bears the burden of proof regarding inability to pay.  (*People v. Kopp* (2019) 38 Cal.App.5th 47, review granted Nov. 13, 2019, S257844.)

p. 1057 [trial court permitted to conclude monetary burden that restitution fine imposed on the defendant was outweighed by seriousness of the offense and harm caused to victim].) The restitution fine is "not grossly disproportionate to [Bailey's] level of culpability and the harm he caused." (*Aviles*, at p. 1072; *People v. Lowery, supra*, 43 Cal.App.5th at pp. 1057–1058.)

## DISPOSITION

The judgment is affirmed.

RODRIGUEZ, J.*

WE CONCUR:

NEEDHAM, P. J.

BURNS, J.

A161124
*People v. Bailey*

*Judge of the Superior Court of Alameda County, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution