Filed 10/25/23  P. v. Wallace CA1/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIRST APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br>v.<br><br>VINCENT JAMAL WALLACE,<br><br>        Defendant and Appellant. | A167965<br><br>(Solano County<br>Super. Ct. No. VCR239404) |

Defendant Vincent Jamal Wallace appeals from a judgment of conviction after he pleaded no contest to driving with a blood alcohol content of higher than 0.08 percent and was sentenced to 16 months in prison. Wallace's court-appointed counsel has asked this court to independently examine the record in accordance with *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*) to determine if there are any arguable issues that require briefing. Counsel advised Wallace of his right to file a supplemental brief, and he did not do so.  We have independently reviewed the record in accordance with our *Wende* obligations and find no meritorious issues.  We thus affirm.

### BACKGROUND

On March 7, 2022, the Solano County District Attorney filed a felony complaint charging Wallace with several DUI offenses, all having taken place on February 3, 2022:  driving under the influence of alcohol

(Veh. Code, § 23152, subd. (a))[1] (count 1), driving while having a 0.08 percent or higher blood alcohol (§ 23152, subd. (b)) (count 2), driving with a suspended license due to a prior DUI conviction (§ 14601.2, subd. (f)) (count 3), unlawful vehicle operation (§ 23247, subd. (e)) (count 4), and operating a motor vehicle with a blood alcohol content of 0.01 or greater while on probation (§ 23154, subd. (a)) (count 5). The complaint further alleged that as to counts 1 and 2, Wallace had a blood alcohol content of 0.15 percent or higher within the meaning of section 23578, and that he suffered three prior DUI convictions within the meaning of section 23550.5.

On April 17, 2023, pursuant to a plea agreement, Wallace pleaded no contest to count 2 and admitted each of the three DUI priors, in exchange for a sentence of the low term of 16 months, to run concurrently to the sentence Wallace was already serving in "Marin County Case # 017586,"[2] and dismissal of the remaining counts. The prosecutor and defense counsel stipulated to a factual basis for the plea in the police reports. The prosecution dismissed the remaining counts.

Wallace requested that he be sentenced that same day.[3] The trial court then sentenced Wallace pursuant to the plea agreement to the low term of 16 months concurrent to "Marin case of 017586." The trial court imposed a

---

[1] Further undesignated statutory references are to the Vehicle Code.

[2] The transcript and the third page of the plea agreement refer to Marin County Case No. 017586, but the felony complaint and the first page of the plea agreement show Case No. 19-CR-017586 in Alameda County Superior Court.

[3] Because Wallace was sentenced the same day as his plea, a full probation report was not prepared and no description of the facts of the offense appears in the record.

$300 restitution fine pursuant to Penal Code section 1202.4, and referred the matter to probation for a credit calculation only.

On May 16, another hearing was held on the credits calculation. The probation department calculated 262 days of actual credit and 262 days of conduct credit through May 16. Although the parties submitted on the report, the trial court indicated that the credits should run through the date of sentencing, and thus awarded 233 days of custody credit plus 232 days of conduct credit for 465 total days of credit through April 17.

Wallace filed a notice of appeal. On the second page of the notice of appeal form, he requested a certificate of probable cause on the basis of "ineffective counsel." According to the docketing statement for this appeal, that request was denied on May 26.

## DISCUSSION

We have reviewed the record on appeal for any arguable issues.

Wallace was sentenced after a no contest plea, but did not obtain a certificate of probable cause. Thus, any issues as to the validity of his plea are not before us. (Cal. Rules of Court, rule 8.304(b)(2); Pen. Code, § 1237.5.) Even if they were, we would still find no arguable issues: Wallace was represented by counsel; he discussed his plea with his attorney; he acknowledged and waived his rights; he personally entered the plea; and the parties stipulated that there was a factual basis for it.

Further, the sentence was consistent with the plea agreement and authorized by law.

With regard to the restitution fine, some courts have held that constitutional protections make their imposition subject to a determination of the defendant's ability to pay. (See, e.g., *People v. Dueñas* (2019) 30 Cal.App.5th 1157, 1168–1169 [due process prohibits the imposition of the

3

fine and assessments when the trial court determines that the defendant lacks the ability to pay]; *People v. Cowan* (2020) 47 Cal.App.5th 32, 46, review granted June 17, 2020, S261952 [reaching same conclusion based on Eighth Amendment's protection against excessive fines].)

Here, the trial court did not make express findings as to Wallace's ability to pay the restitution fine. However, we presume from the court's silence that it was aware of the applicable law and thus considered Wallace's ability to pay. (See *People v. Nelson* (2011) 51 Cal.4th 198, 227 [" '[A]s the trial court was not obligated to make express findings concerning his ability to pay, the absence of any findings does not demonstrate it failed to consider this factor' "], citing *People v. Gamache* (2010) 48 Cal.4th 347, 409.) Additionally, Wallace's failure to object to the imposition of the restitution fine at sentencing forfeits his right to challenge it on appeal. (See *People v. Greeley* (2021) 70 Cal.App.5th 609, 624, citing *People v. Aguilar* (2015) 60 Cal.4th 862, 864; *People v. Trujillo* (2015) 60 Cal.4th 850, 853–854.)

Having examined the entire record, we find no arguable error that would result in a disposition more favorable to Wallace.

## DISPOSITION

The judgment is affirmed.

                            _____

                            Richman, J.

We concur:


_____

Stewart, P.J.


_____

Miller, J.

*People v. Wallace* (A167965)