Filed 10/22/25  P. v. Juarez CA2/6

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

|  |  |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>RICARDO DIAZ JUAREZ,<br><br>    Defendant and Appellant. | 2d Crim. No. B335309<br>(Super. Ct. No. 2012014196)<br>(Ventura County)<br><br>ORDER MODIFYING OPINION AND DENYING REHEARING<br><br>[CHANGE IN JUDGMENT] |

THE COURT:

It is ordered that the opinion filed herein on October 14, 2025, be modified as follows:

1. On page 2, first full paragraph commencing with "We will direct that the abstract of judgment be amended by" is modified to read as follows:

We will direct that the abstract of judgment be amended by: (1) vacating the section 1202.4 restitution fine (§ 1465.9, subd. (d)); (2) imposing a court security fee of $80 (§ 1465.8, subd. (a)); (3) imposing a criminal conviction assessment of $60 (Gov. Code,

§ 70373, subd. (a)(1)); and (4) awarding appellant 4,273 days of actual custody credit. In all other respects, the judgment is affirmed.

2. On page 13, second full paragraph commencing with "We direct the Clerk of the Superior Court" is modified to read as follows:

We direct the Clerk of the Superior Court to prepare and forward to the Department of Corrections and Rehabilitation an amended abstract of judgment: (1) vacating the section 1202.4 restitution fine of $5,000 (§ 1465.9, subd. (d)); (2) imposing a court security fee of $80 (§ 1465.8); (3) imposing a criminal conviction assessment of $60 (Gov. Code, § 70373, subd. (a)(1)); and (4) awarding appellant 4,273 days of custody credit. In all other respects, the judgment is affirmed.

Appellant's petition for rehearing is denied.
There is a change in judgment.

_____

GILBERT, P. J.            YEGAN, J.            CODY, J.

Filed 10/14/25  P. v. Juarez CA2/6 (unmodified opinion)

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>RICARDO DIAZ JUAREZ,<br><br>    Defendant and Appellant. | 2d Crim. No. B335309<br>(Super. Ct. No. 2012014196)<br>(Ventura County) |

Richard Diaz Juarez appeals the order resentencing him pursuant to Penal Code section 1172.75[1] by striking two one-year prior prison term enhancements (§ 667, subd. (a)(1)) and a gang enhancement.  (§ 186.22, subd. (b)(1).)  The trial court declined to also dismiss a five-year prior prison term enhancement (§ 667.5, subd. (b)), on the ground that appellant would pose a risk of danger to the public if released.  In a supplemental opening brief, appellant contends the trial court

---

[1] All statutory references are to the Penal Code unless otherwise stated.

violated section 1172.75 when it reimposed the upper term based on aggravating circumstances that were not found true by a jury or admitted by appellant.  Appellant further contends the abstract of judgment should be amended to strike fines and fees that were not orally imposed at the resentencing hearing or are unauthorized and that the trial court erred by failing to recalculate his custody credits at resentencing.

We will direct that the abstract of judgment be amended by: (1) vacating the section 1202.4 restitution fine (§ 1465.9, subd. (d)); (2) imposing a court security fee of $80 (§ 1465.8, subd. (a)); and (3) imposing a criminal conviction assessment of $60.  (Gov. Code, 70373, subd. (a)(1).)  In all other respects, the judgment is affirmed.

*Facts and Procedural History*

In 2015, appellant and a co-defendant, Jesus Rodriguez, shot and stabbed Benny Huerta. A jury convicted appellant of assault with a semiautomatic firearm (§ 245, subd. (b)), assault with a deadly weapon (§ 245, subd. (a)(1)), street terrorism (§ 188.22, subd. (a)), and resisting a peace officer. (§ 148, subd. (a)(1).)  The trial court sentenced appellant to an aggregate term of 30 years in state prison, comprised of the upper term of 18 years for the assault with a semiautomatic firearm, a 5-year gang enhancement (§ 186.22, subd. (b)(1))[2], a five-year prior serious felony conviction enhancement (§ 667, subd. (a)(1)), and two, one-year prior prison term enhancements.  (§ 667.5, subdivision (b).)  We affirmed the conviction in an unpublished opinion.  (*People v. Juarez* (Oct. 19, 2016, B263348).)

---

[2] A second five-year gang enhancement was imposed and stayed.

In 2023, appellant was identified by the California Department of Corrections and Rehabilitation (CDCR) as an individual potentially eligible for resentencing in light of the prior prison term enhancements. (§ 1172.75, subd. (b).) Counsel was appointed for appellant. At a resentencing hearing, the trial court dismissed appellant's conviction of street terrorism (§ 186.22, subdivision (a)) and struck both the section 186.22 gang enhancement and both of the section 667.5, subdivision (b) prior prison term enhancements, reducing appellant's sentence by seven years, to 23 years.

The trial court declined to strike the five-year serious felony conviction enhancement (§ 667, subd. (a)(1)), on the ground that appellant posed a danger to the public. It noted that, in addition to his criminal history, appellant had "multiple rule violations while at the Department of Corrections" and had a 2018 conviction for possessing a controlled substance in prison. (§ 4573.6.) These rule violations resulted in the loss of 600 days of custody credit. Appellant's prison record also did not indicate any mitigating circumstances, such as enrollment in classes or treatment, or "things of that sort that would lead me to believe that [appellant] would lead a law abiding life out in public if released." The trial court concluded that appellant would therefore "pose a risk of danger to the public if released in the community."

The trial court also decided to reimpose the upper term for appellant's conviction of assault with a semiautomatic weapon. It relied on the aggravating factor that appellant had a prior prison term. (Cal. Rules of Court, rule 4.421, subd. (b)(3).) It also found only one mitigating circumstance, that appellant did not have rule violations involving violence during his

incarceration.  The trial court also noted that, during the attack on Mr. Huerta, appellant aided and abetted a shooting and personally used a knife.  While he had not been violent in prison, his criminal history included "multiple instances of violent conduct even outside of this case."  Based on all of those facts, the trial court concluded the aggravating factors outweighed the mitigating factors and reimposed the upper term.

*Contentions*

Appellant contends the trial court abused its discretion when it declined to dismiss the five-year prior serious felony conviction enhancement (§ 667.5, subd. (a)(1)) on the ground that doing so would endanger public safety.  He further contends the trial court erred when it reimposed the upper term for his conviction of assault with a semiautomatic firearm based on circumstances that were not admitted by appellant or found true by a jury.  He contends the abstract of judgment should be amended to strike fines and fees the trial court did not orally impose at the resentencing hearing and that the trial court erred when it failed to recalculate his custody credits.

*Discussion*

<u>Dangerousness</u>.  We review for abuse of discretion the trial court's determination that dismissing appellant's five-year prior serious felony enhancement would endanger public safety.  (*People v. Garcia* (2024) 101 Cal.App.5th 848, 856-857.)  Appellant has the burden to demonstrate that the trial court acted ""in an arbitrary, capricious, or patently absurd manner"" [citation] or that ' . . . its ruling "falls outside the bounds of reason"' [citation]."  (*People v. Thomas* (2023) 14 Cal.5th 327, 399.)

4

Section 1385, subdivision (c)(1) provides, "Notwithstanding any other law, the court shall dismiss an enhancement if it is in the furtherance of justice to do so, except if dismissal of that enhancement is prohibited by any initiative statute." Subdivision (c)(2) of section 1385 provides that, in exercising its discretion, the trial court "shall consider and [give] great weight" to evidence of the mitigating circumstances enumerated in the statute. (*Id.*, subd. (c)(2)(A)-(H).) "Proof of the presence of one or more of these circumstances weighs greatly in favor of dismissing the enhancement, unless the court finds that dismissal of the enhancement would endanger public safety. 'Endanger public safety' means there is a likelihood that the dismissal of the enhancement would result in physical injury or other serious danger to others." (*Id.*, subd. (c)(2).)

Here, in determining whether to strike the enhancement, the trial court considered the circumstances of the present offense as well as appellant's extensive criminal history. Among his prior convictions is one for second degree robbery in which appellant threatened a store's loss prevention officer with a knife. In addition, the trial court considered appellant's disciplinary record with the CDCR. This record shows numerous rule violations, most of which involved controlled substances, resulting in the loss of 600 days of custody credit. In 2018, appellant was convicted of possessing a controlled substance in prison (§ 4573.6), resulting in an additional three-year prison sentence. The trial court also noted that appellant's prison record included no "information . . . regarding mitigating circumstances such as treatments obtained while in prison or classes taken, things of that sort, that would lead me to believe that [appellant] would lead a law abiding life out in public if

5

released."  These facts support the trial court's finding that dismissal of the enhancement would endanger public safety. Appellant's history of violence supports a reasonable inference that his release "would result in physical injury or other serious danger to others."  (§ 1385, subd. (c)(2).)  There was no abuse of discretion.

Appellant contends the trial court abused its discretion because it failed to consider the date on which he could be released if the enhancement is dismissed and whether his release would be subject to review by the Board of Parole Hearings or the Governor.  *People v. Gonzalez* (2024) 103 Cal.App.5th 215 (*Gonzalez*), held that a resentencing court erred in its "singular focus on whether the defendant *currently* poses a danger."  (*Id*. at p. 228.)  The court reasoned, "Although the current dangerousness of the defendant is an appropriate factor to consider, as it will have some bearing on whether dismissing the enhancement would endanger the public, a crucial part of the inquiry is how the dismissal of the enhancement will impact the length of the defendant's sentence.  A currently dangerous defendant who will be released from prison within a short time frame might be found by the trial court to pose a greater danger to the public than a defendant who is currently dangerous but who has no prospect of release from prison until he is elderly."  (*Ibid.*)

The trial court here, however, did not focus exclusively on appellant's current dangerousness.  "Determining whether resentencing a defendant poses an unreasonable risk of danger to society is necessarily a forward-looking inquiry." (*People v. Williams* (2018) 19 Cal.App.5th 1057, 1063.)  Here, the trial court expressly considered appellant's future dangerousness

6

when it noted that appellant had not enrolled in any classes, treatment or other activities that indicated he "would lead a law abiding life out in public if released." The trial court also considered the prosecutor's written opposition to the resentencing petition, which noted that, in light of appellant's extensive criminal record and history of violence, his early release from prison would endanger public safety. We can reasonably infer from these references to future dangerousness that, unlike the court in *Gonzalez,* the trial court here was not focused solely on appellant's present conduct.

Moreover, *Gonzalez, supra*, 103 Cal.App.215 is distinguishable on its facts. The defendant in *Gonzalez* was facing a sentence of 75 years to life; here, appellant's sentence is 23 years and he is currently eligible for parole. The trial court in *Gonzalez* expressly stated that it would only consider the defendant's current dangerousness. Here, the trial court did not restrict its inquiry to the present day and specifically considered the future. *Gonzalez* does not require a remand for resentencing here.

Imposition of the Upper Term. At the resentencing hearing, the trial court reimposed the upper term of nine years for appellant's conviction of assault with a semiautomatic weapon. Appellant contends the sentence violates section 1172.75, subdivision (d)(4) because the aggravating factors on which the trial court relied were not admitted by him or found true by a jury. Respondent contends the burden of proof requirements do not apply here because the upper term was imposed at appellant's original sentencing. The question whether imposition of the upper term is permitted under these circumstances is pending before our Supreme Court in *People v.*

7

*Eaton*, (Mar. 14, 2025, C096853), review granted May 14, 2025, S289903.

Section 1170, subdivision (b)(1) provides, "When a judgment of imprisonment is to be imposed and the statute specifies three possible terms, the trial court shall, in its sound discretion, order imposition of a sentence not to exceed the middle term, except as otherwise provided in paragraph (2)." Subdivision (b)(2) authorizes imposition of the upper term "only when there are circumstances in aggravation of the crime that justify the imposition of a term of imprisonment exceeding the middle term and the facts underlying those circumstances have been stipulated to by the defendant or have been found true beyond a reasonable doubt at trial by the jury or by the judge in a court trial." (§ 1170, subd. (b)(2).)

This fact finding requirement applies to all aggravating circumstances used to justify imposition of an upper term sentence. (*People v. Lynch* (2024) 16 Cal.5th 730, 760.) An exception to this requirement applies to evidence of a defendant's prior convictions based on a certified record of conviction. (§ 1170, subd. (b)(3); *Lynch, supra,* at p. 767.)

Section 1172.75, subdivision (d) describes the procedures to be followed at resentencing for individuals whose sentences have been recalled and sentence enhancements declared legally invalid under section 667.5. Subdivision (d)(4) of section 1172.75 provides, "Unless the court originally imposed the upper term, the court may not impose a sentence exceeding the middle term unless there are circumstances in aggravation that justify the imposition of a term of imprisonment exceeding the middle term, and those facts have been stipulated to by the

8

defendant, or have been found true beyond a reasonable doubt at trial by the jury or by the judge in a court trial." (*Ibid.*)

Appellant relies on *People v. Gonzalez* (2024) 107 Cal.App.5th 312, which held that the fact finding and burden of proof requirements in section 1172.75, subdivision (d)(4) apply at resentencing even where the defendant was originally sentenced to the upper term. The *Gonzalez* court acknowledged "that the plain language of section 1172.75, subdivision (d)(4), on its face, could be interpreted as not requiring proof of aggravating factors before reimposing an upper term sentence. . . . [¶] However, another reasonable interpretation of section 1172.75, subdivision (d)(4) would simply *restrict the scope of defendants eligible to receive the upper term* at resentencing to those who previously received the upper term, instead of creating a condition or exception independently justifying the imposition of the upper term." (*Gonzalez, supra,* 107 Cal.App.5th at pp. 328-329, emphasis in original.)

Respondent relies on *People v. Brannon-Thompson* (2024) 104 Cal.App.5th 455, which reached the opposite conclusion. There, the court reasoned that the unambiguous language of the opening phrase in section 1172.75, subdivision (d)(4) – "[u]nless the court originally imposed the upper term," – must be read to "carve[] out an exception to the general rule that all ameliorative changes to the law must be applied at a section 1172.75 resentencing and does not require aggravating factors to be found true beyond a reasonable doubt if the upper term was previously imposed." (*Brannon-Thompson, supra,* at p. 458.) Instead, the *Brannon-Thompson* court found it "evident the Legislature intended the new burden of proof amendments to section 1170, subdivision (b) apply only if the trial court is

9

imposing the upper term for the first time at a section 1172.75 resentencing." (*Id*. at pp. 466-467.)

We are persuaded that *Brannon-Thompson, supra*, adopts the more straightforward reading of section 1172.75, subdivision (d)(4). Giving the words of the statute their plain meaning, the phrase, "[u]nless the court originally imposed the upper term," creates an exception to the heightened factfinding requirement set out in the remainder of subdivision (d)(4). The requirement that aggravating circumstances be admitted or found true by a jury or judge beyond a reasonable doubt applies only where the upper term was not imposed at the original sentencing. Here, appellant was sentenced to the upper term of nine years at his original sentencing. The trial court was permitted to reimpose that same term on resentencing.

This result does not violate the Sixth Amendment. Section 1172.75, subdivision (d)(4) permits the reimposition of an upper term sentence that was lawfully imposed in the first instance. There is no possibility that resentencing will result in added punishment because the statute also mandates that, "[r]esentencing pursuant to this section shall not result in a longer sentence than the one originally imposed." (*Id*., subd. (d)(1).) "Where, as here, the trial court elects to retain an upper term sentence that complied with the Sixth Amendment when originally imposed, the court need not engage in any additional factfinding under section 1172.75, subdivision (d)(4)." (*People v. Mathis* (2025) 111 Cal.App.5th 359, 373-374, review granted, Aug. 13, 2025, S291628; see, e.g., *People v. Mitchell* (2022) 81 Cal.App.5th 575, 588 [Sixth Amendment rights do not apply to retroactive resentencing under section 1172.6 because the process "can only help the defendant and can never hurt"]; *People v.*

10

*Schell* (2022) 84 Cal.App.5th 437 444 [resentencing under section 1172.6 is "an act of lenity in which the petitioner has no Sixth Amendment right to a jury trial"].)

Fines and Fees. The abstract of judgment from appellant's resentencing hearing reflects the imposition of the same fines and fees that were imposed at his original sentencing: a $5,000 restitution fine (§1202.4) a suspended $5,000 parole revocation fine (§1202.45), a $210 court operations assessment fee (§ 1465.8) and a $90 criminal conviction assessment. (Gov. Code, §70373.) At the hearing itself, however, the trial court did not discuss these fines and fees. Appellant also did not contend at the resentencing hearing that he lacked the ability to pay the fines and fees. Nevertheless, appellant now contends the fines and fees should be stricken because they were not orally imposed and because the trial court made no finding that he has the ability to pay them.

As an initial matter, we note that these fines and fees are mandatory. The restitution fine must be imposed unless the court finds compelling and extraordinary reasons not to impose it. (§ 1202.4, subd. (a)(3)(A), (c).) The parole revocation fine is also mandatory and must be imposed in the same amount as the restitution fine. (§1202.45, subd. (a), (b).) The statutes mandating imposition of a court security fee facilities and criminal conviction assessments do not authorize the trial court to omit them under any circumstances. (§ 1465.8, subd. (a); Gov. Code, § 70373, subd. (a)(1).)

At the resentencing hearing, appellant did not contend he was unable to pay these fines, fees and assessments. He has forfeited this issue on appeal. (*People v. Aguilar* (2015) 60 Cal.4th 862, 864.)

11

Nevertheless, the restitution fine must be vacated because it was originally imposed more than 10 years ago. Section 1465.9, subdivision (d) provides, "Upon the expiration of 10 years after the date of imposition of a restitution fine pursuant to Section 1202.4, the balance, including any collection fees, shall be unenforceable and uncollectible and any portion of a judgment imposing those fines shall be vacated." We will direct the clerk of the superior court to amend the abstract of judgment to vacate this fine.[3]

We will also direct that the abstract of judgment be amended to reimpose the mandatory court security fee (§ 1465.8) and criminal conviction assessment, in the correct amounts. (Gov. Code, § 70373.) Because his conviction of street terrorism was dismissed at the resentencing hearing, appellant now stands convicted of two felonies, rather than the original three. Section 1465.8 mandates a fee of $40 per felony conviction. Here, the correct fee is now $80, rather than the $120 reflected on the abstract of judgment. For the same reason, the criminal conviction assessment must be reduced to $60. (Gov. Code, § 70373, subd. (a)(1).) We will direct the clerk of the superior court to amend the abstract of judgment accordingly.

Custody Credits. At the resentencing hearing, the trial court declined to recalculate appellant's custody credits for actual time served. Respondent correctly concedes the trial court erred. At resentencing, the trial court "must calculate the *actual time* the defendant has already served and credit that time

---

[3] The same result does not apply to the suspended parole revocation fine. Section 1465.9 does not mention section 1202.45 or mandate that parole revocation fines be vacated. (*People v. Guzman* (2005) 35 Cal.4th 577, 587.)

against the 'subsequent sentence.'" (*People v. Buckhalter* (2001) 26 Cal.4th 20, 23.)

Here, appellant was awarded 1080 days actual custody credits at the original sentencing on April 2, 2015. He remained in custody from that date until the date of his resentencing on December 29, 2023, an additional 3,193 days. We will direct the clerk of the superior court to amend the abstract of judgment to reflect that appellant is entitled to 4,273 days of actual custody credit.

*Conclusion*

We direct the Clerk of the Superior Court to prepare and forward to the Department of Corrections and Rehabilitation an amended abstract of judgment: (1) vacating the section 1202.4 restitution fine of $5,000 (§ 1465.9, subd. (d)); (2) imposing a court security fee of $80 (§ 1465.8); and (3) imposing a criminal conviction assessment of $60. (Gov. Code, § 70373, subd. (a)(1).) In all other respects, the judgment is affirmed.

NOT TO BE PUBLISHED.

YEGAN, J.

We concur:

GILBERT, P. J.

CODY, J.

13

Marine Dermadzhyan, Judge

Superior Court County of Ventura

_____

Richard B. Lennon, Executive Director, Jennifer Peabody, Acting Executive Director, Peter S. Westacott, David Andreasen, Staff Attorneys, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Noah P. Hill, Supervising Deputy Attorney General, Steven E. Mercer, Deputy Attorney General, for Plaintiff and Respondent.